IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, | Civil Action No. 07-54 E |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | **Electronically Filed** |

## CLASS ACTION COMPLAINT

Comes now Plaintiff Nichole M. Ehrheart ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.  In 2003, Congress passed and the President signed, the Fair and Accurate Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2.  A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

1

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendant (defined below) had up to three years to comply, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

4. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq*.

5. Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§1681 *et seq.*, and a permanent injunction enjoining Defendant from continuing its unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7. Plaintiff's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

9. Plaintiff, Nichole M. Ehrheart, is and at all times relevant hereto was a resident of the Commonwealth of Pennsylvania, County of Lawrence.

10. Defendant Texas Roadhouse, Inc., is headquartered at 6040 Dutchmans Lane, Suite 200, Louisville, Kentucky, 40205. "Defendant" means Texas Roadhouse, Inc., and defendants Does 1 through 10. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

11. Plaintiff is unaware of the true names of defendants Does 1 through 10. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

12. Plaintiff is informed and believes and thereon alleges that all relevant times each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or al of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

3

## CLASS ALLEGATIONS

13. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

14. Plaintiff seeks to represent two classes of persons to be defined as follows:

**CLASS A:** With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005: all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, on which Defendant printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

**CLASS B:** With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was first put into use on or after January 1, 2005: all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after such machine was put into use, on which Defendant printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

15. <u>Numerosity:</u> Each of the classes described above in paragraph 14 are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

4

16.   Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of each of the respective classes described in paragraph 14.

17.   The exact sizes of CLASS A and CLASS B and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

18.   Members of CLASS A and CLASS B may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

19.   <u>Typicality:</u>  Plaintiff's claims are typical of the claims of the members of CLASS A and CLASS B.  The claims of the Plaintiff and members of CLASS A and CLASS B are based on the same legal theories and arise from the same unlawful and willful conduct.

20.   Plaintiff and members of CLASS A and CLASS B were each customers of Defendant, each having made a purchase or transacted other business with Defendant at an applicable time using a credit card and/or debit card.  At the point of such sale or transaction with Plaintiff and members of CLASS A and CLASS B, Defendant provided to Plaintiff and each member of CLASS A and CLASS B a receipt in violation of 15 U.S.C. §1681c(g).

21.   <u>Common Questions of Fact and Law:</u>  There is a well-defined community of interest and common questions of fact and law affecting members of CLASS A and CLASS B.

22.　　The questions of fact and law common to CLASS A and CLASS B predominate over questions which may affect individual members and include the following:

    a.　　Whether Defendant's conduct of providing Plaintiff and the members of CLASS A and CLASS B with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§1681 et seq.;

    b.　　Whether Defendant's conduct was willful;

    c.　　Whether Plaintiff and members of CLASS A and CLASS B are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct;

    d.　　Whether Plaintiff and members of CLASS A and CLASS B are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct.

21.　　<u>Adequacy of Representation:</u> Plaintiff is an adequate representative of CLASS A and CLASS B because her interests do not conflict with the interests of the members of CLASS A or CLASS B, the classes which Plaintiff seeks to represent. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of CLASS A and CLASS B and has no interests antagonistic to the members of CLASS A or CLASS B. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

22.　　<u>Superiority:</u> A class action is superior to other available means for the fair and efficient adjudication of the claims of CLASS A and CLASS B. While the aggregate damages which may be awarded to the members of CLASS A and CLASS B are likely to be substantial,

the damages suffered by the individual members of CLASS A and CLASS B are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of CLASS A and CLASS B to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of CLASS A or CLASS B. The likelihood of the individual members of CLASS A and CLASS B prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of CLASS A and CLASS B. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

23. <u>Injunctive Relief:</u> Defendant has acted on grounds generally applicable to the members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with respect to CLASS A and CLASS B as a whole.

## FIRST CAUSE OF ACTION

For Violation of 15 U.S.C. §§1681 *et seq.*

**(On Behalf of Plaintiff and the Members of CLASS A and CLASS B)**

24. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

25. Plaintiff asserts this claim on behalf of herself and CLASS A and CLASS B against Defendant.

26. Title 15 U.S.C. §1681c(g)(1) provides that:

...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

27. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

28. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

29. Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of CLASS A and CLASS B. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

30. After the effective date of the statute, Defendant, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed more than the last five digits of Plaintiff's credit card or debit card number and/or printed the expiration date of Plaintiff's credit or debit card.

31. Defendant at the point of a sale or transaction with members of CLASS A, provided through use of a machine that was first put into use on or after January 1, 2005, each member of CLASS A with one or more electronically printed receipts on each of which Defendant printed, for each respective CLASS A member, more than the last five digits of such

8

member's credit card or debit card number and/or printed the expiration date of such member's credit or debit card.

32.　　On or after December 4, 2006, Defendant at the point of a sale or transaction with members of CLASS B, provided through use of a machine that was first put into use before January 1, 2005, each member of CLASS B with one or more electronically printed receipts on each of which Defendant printed, for each respective CLASS B member, more than the last five digits of such member's credit card or debit card number and/or printed the expiration date of such member's credit or debit card.

33.　　As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

34.　　Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.  For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

35.　　Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with

9

FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of CLASS A and CLASS B – persons with whom Defendant transacts business.

36. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

37. In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

38. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of CLASS A and CLASS B thereby exposing Plaintiff and the members of CLASS A and CLASS B to an increased risk of identity theft and credit and/or debit card fraud.

39. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of CLASS A and CLASS B in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

40. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

41. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

42. Defendant's conduct is continuing and, unless restrained, Defendant will continue to engage in its willful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of CLASS A and CLASS B, prays for:

    a. An order certifying CLASS A and CLASS B and appointing Plaintiff as the representative of CLASS A and CLASS B, and appointing counsel for Plaintiff as counsel for CLASS A and CLASS B;

    b. An award to Plaintiff and the members of CLASS A and CLASS B of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violations;

    c. An award to Plaintiff and the members of CLASS A and CLASS B of punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

    d. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

    e. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

    f. A permanent injunction enjoining Defendant from engaging in conduct in violation of FACTA; and

    g. For other and further relief as the Court may deem proper.

Dated: March 26, 2007

Respectfully Submitted,
/s/ Gary F. Lynch
Gary F. Lynch
PA56887
glynch@carlsonlynch.com
R. Bruce Carlson
PA56657
bcarlson@carlsonlynch.com
Stephanie K. Goldin
PA202865
sgoldin@carlsonlynch.com
CARLSON LYNCH LTD.
36 N. Jefferson Street
PO Box 7635
New Castle, PA 16107
724-656-1555
724-656-1556 (f)

JS 44 (Rev. 11/04)                      CIVIL COVER SHEET           CA 07-54E

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Nichole M. Ehrheart

**DEFENDANTS** Texas Roadhouse, Inc. and Does 1 through 10

(b) County of Residence of First Listed: Lawrence
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys: Gary F. Lynch, Carlson Lynch, 36 N. Jefferson Street, PO Box 7635, New Castle, PA 16107
(Firm Name, Address, and Telephone Number)

Attorneys (If Known): _____

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C. §1681c(g)
Brief description of cause: Willful failure to truncate credit card information in violation of the Fair and Accurate Transaction Act.

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: March 26, 2007     SIGNATURE OF ATTORNEY OF RECORD: s/Gary F. Lynch

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44AREVISED OCTOBER, 1993

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THIS CASE DESIGNATION SHEET MUST BE COMPLETED

PART A

This case belongs on the  [X] **Erie**   [ ] Johnstown   [ ] **Pittsburgh) calendar.**

1. **ERIE CALENDAR - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang** or Warren. OR any plaintiff or defendant resides in one of said counties.

2. JOHNSTOWN CALENDAR - If cause of action arose in the counties of Bedford. Blair. Cambria. Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in  Erie  County and that the Plaintiff  resides in Lawrence  County.

4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

PART B (You are to check ONE of the following)

1. [ ] This case is related to Number _____ Judge _____

2. [X] This case is not related to a pending or terminated case.

DEFINITIONS OF RELATED CASES:

CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit

**EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.**

**HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.**

PART C

1. CIVIL CATEGORY (Place x in only applicable category).

1. [ ] **Antitrust and Securities Act Cases**
2. [ ] **Labor-Management Relations**
3. [ ] **Habeas Corpus**
4. [ ] **Civil Rights**
5. [ ] Patent, Copyright, and Trademark
6. [ ] Eminent Domain
7. [X] All other federal question cases
8. [ ] All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest
9. [ ] Insurance indemnity, contract and other diversity cases.
10. [ ] Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.BA. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

DATE March 26, 2007   ATTORNEY ATTORNEY AT LAW  s/ Gary F. Lynch

NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

*new case
filing fee
rept # 07-257*

*CA 07-54 E*

*$350.00*

```
        UNITED STATES
        DISTRICT COURT
    WESTERN DISTRICT OF PENNSYLVANIA
            ERIE Division

       # 07000257  -  DM
         March 26, 2007


   Code    Case #    Qty       Amount

   CIVIL FI 07-54 e    1 @  350.00
                             350.00 CC


   TOTAL→              350.00


   FROM: GARY F. LYNCH
         36 NORTH JEFFERSON STREET
         PO BOX 7635
         NEW CASTLE, PA  16107
```