IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, etc., | ) | Civil Action No. 07-54 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| TEXAS ROADHOUSE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **Electronically Filed** |

### ANSWER AND DEFENSES OF DEFENDANT TEXAS ROADHOUSE, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

For its Answer and Defenses to Plaintiff's Class Action Complaint, Defendant Texas Roadhouse, Inc. states as follows:

### FIRST DEFENSE

Subject to and without waiving any and all defenses available to it, including but not limited to those set forth herein, Texas Roadhouse responds to the allegations contained in the Class Action Complaint numbered sequentially 1 through 42 as follows:

1.  With respect to the allegations contained in Paragraph 1 of the Complaint, Texas Roadhouse states that the language of the Fair and Accurate Credit Transaction Act speaks for itself. To the extent Paragraph 1 mischaracterizes the Act or the President's statements "during the signing of the bill," Texas Roadhouse denies same.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, Texas Roadhouse states that the language of the Fair and Accurate Credit Transaction Act speaks for itself. To the extent Paragraph 2 mischaracterizes the Act, Texas Roadhouse denies same.

3. With respect to the allegations contained in the first sentence of Paragraph 3 of the Complaint, Texas Roadhouse states that the language of the Fair and Accurate Credit Transaction Act speaks for itself. To the extent the first sentence of Paragraph 3 mischaracterizes the Act, Texas Roadhouse denies same. Texas Roadhouse denies the allegations contained in the second sentence of Paragraph 3 of the Complaint.[1]

4. Texas Roadhouse admits that Plaintiff attempts to assert claims against Texas Roadhouse on behalf of herself and all those allegedly similarly situated. In further answer, Texas Roadhouse denies that any act or omission on its part violated 15 U.S.C. § 1681 et seq. or caused plaintiff any actual harm.

5. Texas Roadhouse admits that Plaintiff seeks the relief set forth in Paragraph 5 of the Complaint. In further answer, Texas Roadhouse denies that any act or omission on its part violated 15 U.S.C. § 1681 et seq. or caused plaintiff any actual harm.

6. Texas Roadhouse admits that this Court has subject matter jurisdiction of this action.

7. Texas Roadhouse admits that this Court may exercise personal jurisdiction over it.

---

[1] Throughout the Complaint, Plaintiff defines the term "Defendant" to include Does 1 through 10, the identity of whom Texas Roadhouse does not know. As such, Texas Roadhouse states as a general matter that it is without knowledge or information sufficient to form a belief as to the truth of any allegation in the Complaint against any person other than Texas Roadhouse. To the extent Texas Roadhouse admits or denies allegations contained in the Complaint, it does so solely on its own behalf.

8.  Texas Roadhouse admits that venue is proper in this Court, among other Courts, pursuant to 28 U.S.C. § 1391(b) and (c), and denies that venue is proper in this Court or any other Courts pursuant to 28 U.S.C. § 1400(a).

9.  Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint; therefore, those allegations are deemed denied.

10. Texas Roadhouse admits the allegations contained in the first and third sentences of Paragraph 10 of the Complaint. With respect to the allegations contained in the second sentence of Paragraph 10, Texas Roadhouse admits that Plaintiff purports to define the term "Defendant" as Texas Roadhouse and Defendants Does 1 through 10.

11. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint; therefore, those allegations are deemed denied.

12. Texas Roadhouse denies the allegations contained in Paragraph 12 of the Complaint.

13. Texas Roadhouse admits that Plaintiff purports to bring this putative class action on behalf of herself and all others allegedly similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

14. Texas Roadhouse admits that Plaintiff seeks to represent two classes of persons as defined in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint are conclusions of law; therefore, no response is required. To the extent a response is required, Texas Roadhouse is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint; therefore, those allegations are deemed denied.

16. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint; therefore, those allegations are deemed denied.

17. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint; therefore, those allegations are deemed denied.

18. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint; therefore, those allegations are deemed denied.

19. The allegations contained in Paragraph 19 of the Complaint are conclusions of law; therefore, no response is required. To the extent a response is required, Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint; therefore, those allegations are deemed denied. In further answer, Texas Roadhouse denies that any act or omission on its part violated 15 U.S.C. § 1681 et seq. or caused plaintiff any actual harm.

20. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint; therefore, those allegations are deemed denied. In further answer, Texas Roadhouse denies that any act or omission on its part violated 15 U.S.C. § 1681 et seq. or caused plaintiff any actual harm.

21. The allegations contained in Paragraph 21 of the Complaint are conclusions of law; therefore, no response is required. To the extent a response is required, Texas Roadhouse is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint; therefore, those allegations are deemed denied.

22. The allegations contained in Paragraph 22 of the Complaint are conclusions of law; therefore, no response is required. To the extent a response is required, Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint; therefore, those allegations are deemed denied.

[21a].[2] The allegations contained in Paragraph 21a of the Complaint are conclusions of law; therefore, no response is required. To the extent a response is required, Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21a of the Complaint; therefore, those allegations are deemed denied.

[22a].[3] The allegations contained in Paragraph 22a of the Complaint are conclusions of law; therefore, no response is required. To the extent a response is required, Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22a of the Complaint; therefore, those allegations are deemed denied.

23. The allegations contained in Paragraph 23 of the Complaint are conclusions of law; therefore, no response is required. To the extent a response is required, Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint; therefore, those allegations are deemed denied.

24. Texas Roadhouse incorporates by reference its responses to the allegations contained in the Complaint set forth above as if fully restated herein.

---

[2] Plaintiff's Complaint is numbered incorrectly in that after sequentially numbered Paragraph 22, the numbering starts over again at 21. For consistency, Texas Roadhouse will refer to the repeated Paragraph 21 as "Paragraph 21a" and the repeated Paragraph 22 as "Paragraph 22a" before resuming the numbering set forth in the Complaint at Paragraph 23.
[3] *See* footnote 2, *supra*.

25. Texas Roadhouse admits that Plaintiff attempts to assert claims against Texas Roadhouse on behalf of herself and putative classes defined in the Complaint.

26. With respect to the allegations contained in Paragraph 26 of the Complaint, Texas Roadhouse states that the language of 15 U.S.C. § 1681 c(g)(1) speaks for itself. To the extent Paragraph 26 mischaracterizes 15 U.S.C. § 1681 c(g)(1), including the emphasis supplied by Plaintiff, Texas Roadhouse denies same.

27. With respect to the allegations contained in Paragraph 27 of the Complaint, Texas Roadhouse states that the language of 15 U.S.C. § 1681 c(g)(3)(B) speaks for itself. To the extent Paragraph 27 mischaracterizes 15 U.S.C. § 1681 c(g)(3)(B), Texas Roadhouse denies same.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, Texas Roadhouse states that the language of 15 U.S.C. § 1681 c(g)(3)(B) speaks for itself. To the extent Paragraph 28 mischaracterizes 15 U.S.C. § 1681 c(g)(3)(B), Texas Roadhouse denies same.

29. With respect to the allegations contained in Paragraph 29 of the Complaint, Texas Roadhouse admits that it transacts business in the United States and accepts credit cards and debit cards in the course of transacting business with its customers. Texas Roadhouse further admits that it uses cash registers and other machines or devices that electronically print receipts for credit card and debit card transactions.

30. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint; therefore, those allegations are deemed denied.

31. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint; therefore, those allegations are deemed denied.

32. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint; therefore, those allegations are deemed denied.

33. With respect to the allegations contained in Paragraph 33 of the Complaint, Texas Roadhouse states that the language of the Fair and Accurate Credit Transaction Act speaks for itself. To the extent Paragraph 33 mischaracterizes the Act, Texas Roadhouse denies same.

34. With respect to the allegations contained in the first sentence of Paragraph 34 of the Complaint, Texas Roadhouse admits that it is aware of the Fair and Accurate Credit Transaction Act. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 34 of the Complaint; therefore, those allegations are deemed denied.

35. Texas Roadhouse denies the allegations contained in Paragraph 35 of the Complaint.

36. Texas Roadhouse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint; therefore, those allegations are deemed denied.

37. Texas Roadhouse denies the allegations contained in Paragraph 37 of the Complaint.

38. Texas Roadhouse denies the allegations contained in Paragraph 38 of the Complaint.

39. Texas Roadhouse denies the allegations contained in Paragraph 39 of the Complaint.

40. Texas Roadhouse denies the allegations contained in Paragraph 40 of the Complaint.

41. Texas Roadhouse denies the allegations contained in Paragraph 41 of the Complaint.

42. Texas Roadhouse denies the allegations contained in Paragraph 42 of the Complaint.

43. Paragraphs (a) through (g) of Plaintiff's Prayer For Relief do not constitute factual allegations; therefore, no response is required. To the extent a response is necessary, Texas Roadhouse denies that Plaintiff or any members of the purported classes that Plaintiff seeks to represent are entitled to any relief, including the relief set forth in Plaintiff's Prayer For Relief.

## SECOND DEFENSE

Texas Roadhouse denies each and every allegation contained in the Complaint not otherwise specifically admitted above.

## THIRD DEFENSE

Plaintiff has failed to allege sufficient facts upon which a claim for relief may be granted.

## FOURTH DEFENSE

Plaintiff's claims may be barred or limited to the extent any damages or losses allegedly sustained by Plaintiff were the direct and proximate result of intervening and superseding actions or omissions by third parties for which Texas Roadhouse may not be held liable, thus precluding

Plaintiff from any recovery from Texas Roadhouse or, alternatively, entitling Texas Roadhouse to indemnity or contribution from those third parties.

## FIFTH DEFENSE

Plaintiff's Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

The claims made in Plaintiff's' Complaint are barred because the Plaintiff and/or members of the putative class lack standing.

## SEVENTH DEFENSE

Some or all of the claims made in the Plaintiff's Complaint may be barred by the doctrines of laches, waiver and/or estoppel.

## EIGHTH DEFENSE

Plaintiff has failed to state a claim for which punitive damages may be recovered. Moreover, the recovery of punitive damages in this case would violate Texas Roadhouse's rights under applicable provisions of the United States and Pennsylvania Constitutions, and there is no basis under law by which Plaintiff or any putative class member would be entitled to punitive damages against Texas Roadhouse.

**NINTH DEFENSE**

Plaintiff's claims may be barred or limited by Plaintiff's failure to mitigate any alleged damages.

**TENTH DEFENSE**

Plaintiff's claims may be barred or limited because Texas Roadhouse did not act with intent to injure Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's claims may be barred or limited because Texas Roadhouse acted in the good faith belief that its actions were lawful.

**TWELFTH DEFENSE**

Plaintiff's claims may be barred or limited because the statutory provision on which Plaintiff's claims are based is unconstitutionally vague and ambiguous on its face and as applied and, as such, provides insufficient notice of what constitutes a violation, and in other respects violates Texas Roadhouse rights under the United States Constitution.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred or limited because Plaintiff's claims and requests for relief are disproportionate to the harm alleged or suffered by Plaintiff and, as such, granting the requested relief would violate Texas Roadhouse's rights under the United States Constitution.

**FOURTEENTH DEFENSE**

Texas Roadhouse reserves the right to file further pleadings and assert other defenses, including appropriate counterclaims, cross-claims and third-party complaints as may become apparent during the course of discovery herein.

**WHEREFORE,** Defendant Texas Roadhouse, Inc. respectfully request that the Court

A. Deny Plaintiff's request for certification of a class;

B. Enter Judgment in favor of Defendant Texas Roadhouse, Inc.;

C. Enter an Order assessing costs and attorneys' fees against Plaintiff; and,

D. Grant Texas Roadhouse all other relief that this Court deems appropriate.

Respectfully submitted,

/s/W. Patrick Delaney
W. Patrick Delaney
PA I.D. No. 23956
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7658
FAX (814) 454-4647
pdelaney@mijb.com

/s/Peter M. Cummins
Peter M. Cummins
Frost Brown Todd LLC
400 W. Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
(502) 779-8190
FAX (502-581-1087
pcummins@fbtlaw.com

Attorneys for Defendant
 Texas Roadhouse, Inc

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 31, 2007, the foregoing Answer and Defenses of Defendant Texas Roadhouse, Inc. to Plaintiff's Class Action Complaint was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.  Parties may access this filing through the Court's ECF system.



                                              /s/W. Patrick Delaney  
                                              W. Patrick Delaney