IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) TEXAS ROADHOUSE, INC., and ) DOES 1 through 10, inclusive, ) ) Defendants. ) ) | Civil Action No.07-cv-00054 CLASS ACTION Honorable Sean J. McLaughlin **JURY TRIAL DEMANDED** **Electronically Filed** |

**MOTION FOR EXTENSION OF TIME
IN WHICH TO FILE MOTION FOR CLASS CERTIFICATION**

Plaintiff Nichole M. Ehrheart, in her individual capacity and on behalf of all similarly situated individuals, files this Motion for Extension of Time in Which to File Motion for Class Certification Pursuant to Rule 23 of the Federal Rules of Civil Procedure and L.R. 23.1, and shows the following:

1.      On March 26, 2007, Plaintiff filed a Complaint alleging that Defendant provided Plaintiff with one or more electronically printed sales receipts at the point of sale or transaction, on which Defendant printed more than the last five digits of Plaintiff's credit card or debit card and/or printed the expiration date of Plaintiff's credit card or debit card in violation of the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*

2.      On May 11, 2007, the Parties filed a Stipulation for Extension of Time in which they agreed that Defendant should move or plead in response to Plaintiff's Complaint on or before May 31, 2007.

3.      On May 31, 2007, Defendant filed an Answer to Plaintiff's Complaint.

4.      Local Rule 23.1 requires that plaintiffs file a motion for class certification within 90 days of the filing of their complaint. L.R. 23.1.

5.      Pursuant to the 2003 amendment of Fed. R. Civ. P. 23, plaintiffs are no longer required to file their class certification motion "as soon as practicable," but instead at "an early practicable time." Fed. R. Civ. P. 23(c)(1) (2003 Amends.).

6.      The Advisory Committee stated that the change reflects prevailing practice in order to capture the "many valid reasons that may justify deferring the initial certification decision." *Id.* (citing Willging, Hooper & Niemic, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules 25-36* (Federal Judicial Center 1996)).

7.      Given this potential tension between the current Local Rule and the amended version of Rule 23, Plaintiff proposes that the deadline for the filing of plaintiff's motion for class certification be set at the initial case management conference.

8.      At the initial case management conference, the parties will have an opportunity to discuss the timing of the class certification motion in conjunction with other case management deadlines.

WHEREFORE, Plaintiffs requests that the Court enter the attached proposed Order directing that the deadline for the filing of plaintiff's motion for class certification be set at the initial case management conference.

Respectfully submitted, this 28th day of June, 2007.

/s/ Gary F. Lynch

Gary F. Lynch, Esquire
PA ID 56887
glynch@carlsonlynch.com

CARLSON LYNCH LTD
36 N. Jefferson Street
PO Box 7635
New Castle, PA  16107
(P) 724-656-1555
(F) 724-656-1556

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## ERIE DIVISION

| | |
|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, | )<br>)  Civil Action No. 07-cv-00054<br>)<br>)  CLASS ACTION |
| Plaintiff, | ) |
| v. | ) |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |

## **ORDER**

AND NOW, this _____ day of _____, 2007, the Court hereby ORDERS that the deadline for the filing of Plaintiff's motion for class certification be set at the initial case management conference.

BY THE COURT:

_____
Judge Sean J. McLaughlin