IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, etc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CA-07-54 |
| | ) | |
| TEXAS ROADHOUSE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **Electronically Filed** |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Preliminary Scheduling Order dated May 31, 2007, a telephonic conference was held on Tuesday, June 12, 2007 between Peter M. Cummins and W. Patrick Delaney, counsel for Defendant Texas Roadhouse, Inc. ("Texas Roadhouse"), and Gary F. Lynch, counsel for Plaintiff Nichole Ehrheart ("Ms. Ehrheart"). Below is the parties' report of that telephonic conference:

**1.    Identification of counsel and unrepresented parties.**

| | |
|---|---|
| Gary F. Lynch | Peter M. Cummins |
| R. Bruce Carlson | Frost Brown Todd LLC |
| Stephanie K. Goldin | 400 W. Market St., 32nd Floor |
| CARLSON LYNCH LTD. | Louisville, Kentucky 40202-3363 |
| 36 N. Jefferson Street | Telephone: 502.779.8190 |
| P.O. Box 7635 | Fax: 502.581.1087 |
| New Castle, PA 16107 | pcummins@fbtlaw.com |
| Telephone: 724.656.1555 | |
| Fax: 724.656.1556 | W. Patrick Delaney |
| glynch@carlsonlynch.com | MacDonald, Illig, Jones & Britton |
| bcarlson@carlsonlynch.com | 100 State Street, Suite 700 |
| sgoldin@carlsonlynch.com | Erie, Pennsylvania 16507-1459 |
| | Telephone: 814.870.7658 |
| *Attorneys for Plaintiff* | Fax: 814.454.4647 |
| | pdelaney@mijb.com |
| | |
| | *Attorneys for Defendant,* |
| | *Texas Roadhouse, Inc.* |

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

   This is a putative class action lawsuit against Texas Roadhouse for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA").

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held in this matter by telephone on June 12, 2007. Gary Lynch participated on behalf of Ms. Ehrheart, and Pat Delaney and Peter Cummins participated on behalf of Texas Roadhouse.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   July 26, 2007

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   At this time, Texas Roadhouse does not anticipate filing a dispositive motion pursuant to Fed. R. Civ. P. 12.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties have agreed to pursue mediation of this case at the outset of the case. Subject to the schedules of the parties, their attorneys and the mediator to be selected, the parties hope to complete mediation within 60 days of the Court's Initial Scheduling Conference. The parties therefore request that all obligations arising under Fed. R. Civ. P. 16 and 26, with the exception of holding the Initial Scheduling Conference, be stayed pending this mediation. Should the mediation not be successful in resolving this action, the parties will, within 30 days of its termination, submit an Agreed Discovery Plan and Supplemental Report of the Parties.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    *See* Paragraph No. 6, *supra*.

8. **Subjects on which fact discovery may be needed.**

    *See* Paragraph No. 6, *supra*.

9. **Set forth suggested dates for the following**

    a. **Date(s) on which disclosures required by Fed. R Civ. P. 26(a) have been or will be made:**

    b. **Date by which any additional parties shall be joined:**

    c. **Date by which the pleadings shall be amended:**

    d. **Date by which fact discovery should be completed:**

    e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

    f. **Date by which plaintiffs expert reports should be filed:**

    g. **Date by which depositions of plaintiffs expert(s) should be completed:**

    h. **Date by which defendant's expert reports should be filed:**

    i. **Date by which depositions of defendant's expert(s) should be completed:**

    j. **Date by which third party expert's reports should be filed:**

    k. **Date by which depositions of third party's expert(s) should be completed:**

    *See* Paragraph No. 6, *supra*.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    *See* Paragraph No. 6, *supra*.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of**

>   **discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**
>
>   *See* Paragraph No. 6, *supra*.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

    a.   **Settlement and/or transfer to an ADR procedure;**

    b.   **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference**

    c.   **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    d.   **Dates by which parties' pre-trial statements should be filed;**

    e.   **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    f.   **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    g.   **Dates proposed for final pre-trial conference;**

    h.   **Presumptive and final trial dates.**

    *See* Paragraph No. 6, *supra*.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    Consistent with Paragraph No. 6, *supra*, the parties request that discovery in this action

be stayed pending the mediation to be scheduled within the next 60 days.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    The parties do not anticipate that the Court will have to appoint a Special Master to deal

with any matter.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    N/A

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    *See* Paragraph No. 6, *supra*. The parties intend to mediate this case within the next 60 days.

                                    Respectfully submitted,


| | |
|---|---|
| /s/    Gary F. Lynch (by PMC) | /s/    Peter M. Cummins |
| Gary F. Lynch | Peter M. Cummins |
| R. Bruce Carlson | Frost Brown Todd LLC |
| Stephanie K. Goldin | 400 W. Market St., 32nd Floor |
| CARLSON LYNCH LTD. | Louisville, Kentucky 40202-3363 |
| 36 N. Jefferson Street | Telephone: 502.779.8190 |
| P.O. Box 7635 | Fax: 502.581.1087 |
| New Castle, PA 16107 | pcummins@fbtlaw.com |
| Telephone: 724.656.1555 | |
| Fax: 724.656.1556 | /s/    W. Patrick Delaney |
| glynch@carlsonlynch.com | W. Patrick Delaney |
| bcarlson@carlsonlynch.com | MacDonald, Illig, Jones & Britton |
| sgoldin@carlsonlynch.com | 100 State Street, Suite 700 |
| | Erie, Pennsylvania 16507-1459 |
| *Attorneys for Plaintiff* | Telephone: 814.870.7658 |
| | Fax: 814.454.4647 |
| | pdelaney@mijb.com |
| | |
| | *Attorneys for Defendant,* |
| | *Texas Roadhouse, Inc.* |

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 5th day of July, 2007, the foregoing Fed. R. Civ. P. 26(1) Report of the Parties was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.  Parties may access this filing through the Court's ECF system.

                                                  /s/   Peter M. Cummins
                                                  Peter M. Cummins