UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, Plaintiff | ) ) ) ) | NO. 07-54 E |
| v. | ) ) ) | CLASS ACTION |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, Defendants | ) ) ) ) | ELECTRONICALLY FILED |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)**

The standards and case law governing Section 1404 transfers strongly compel transferring this putative class action to the Western District of Kentucky. Plaintiff alleges that defendants Texas Roadhouse, Inc. and Texas Roadhouse Holdings LLC (collectively, "Texas Roadhouse") willfully issued one or more credit card receipts to her in violation of the Fair and Accurate Transactions Act ("FACTA"), and seeks to bring her claims on behalf of a nationwide class of allegedly similarly situated persons. Texas Roadhouse is a Kentucky limited liability company, headquartered in Louisville, Kentucky, that operates more than 200 restaurants in thirty-eight states, only twelve of which are in Pennsylvania.

The central issue in this case will be whether Texas Roadhouse acted willfully in issuing receipts that included customers' expiration dates. Resolution of that issue will depend upon the knowledge, intent, and conduct of Texas Roadhouse corporate employees in its corporate offices in Louisville, Kentucky. As a result, all of the relevant witnesses, save perhaps plaintiff, reside

in the Western District of Kentucky, and virtually all of the relevant documents will likely be found at Texas Roadhouse's headquarters in the Western District of Kentucky. Moreover, Kentucky has a substantially greater interest in the resolution of this case -- which seeks to bankrupt a Kentucky company and employer -- than does Pennsylvania. Indeed, there are virtually no facts compelling adjudication of this case in Pennsylvania. As a result, the convenience of the parties and the interests of justice overwhelmingly weigh in favor of a transfer of this case to the Western District of Kentucky.

## BACKGROUND

Plaintiff, a Pennsylvania resident, alleges that Texas Roadhouse provided her with one or more electronically-generated cash register receipts and that the receipts displayed more than the last five digits of plaintiff's credit card or debit card number and/or her expiration date. (Complaint, ¶ 30) Plaintiff purports to represent two nationwide classes of Texas Roadhouse customers who were allegedly provided electronically-printed receipts which displayed more than the last five digits of the customers' credit card or debit card numbers, and/or their expiration dates. (Complaint, ¶ 14) Plaintiff, however, does not identify any of these purported class members, nor does she allege from which Texas Roadhouse restaurants these class members received their receipts. Thus, the fact that plaintiff is a resident of Pennsylvania and that she received a receipt from a Texas Roadhouse restaurant in Pennsylvania are the only facts connecting this case to Pennsylvania.

Texas Roadhouse is a Kentucky limited liability company with its principal place of business located in Louisville, Kentucky. (*See* Declaration of Sheila Brown ["Brown Dec."], attached hereto as Exhibit A, ¶¶ 3, 5) Texas Roadhouse owns and operates over 200 restaurants

in thirty-eight states, only twelve -- or approximately 6% -- of which are located in Pennsylvania. (*Id.*, ¶ 6)

Texas Roadhouse's point of sale ("POS") software systems control the content of Texas Roadhouse's computer generated customer credit and debit card receipts. (Declaration of William Kent ["Kent Dec."], attached hereto as Exhibit B, ¶ 3) Texas Roadhouse's Information Technology Department personnel at its headquarters in Louisville, Kentucky manage, maintain, and oversee the operation of the Texas Roadhouse POS software systems.[1] (*Id.*, ¶ 4) The Texas Roadhouse personnel responsible for the operation of Texas Roadhouse's POS system and the content of its electronically-generated customer receipts live in and around Louisville, Kentucky. (*Id.*, ¶ 5) Similarly, the Texas Roadhouse personnel responsible for its compliance with statutory, contractual, and industry-imposed POS system requirements work out of Texas Roadhouse's Louisville headquarters and live in the Louisville area. (*Id.*, ¶ 7) Texas Roadhouse's documents relating to its POS systems, their programming, Texas Roadhouse's POS security and compliance efforts, and Texas Roadhouse's dealings with its POS software vendors are also located at Texas Roadhouse's Louisville, Kentucky headquarters. (*Id.*, ¶¶ 6, 8)

## ARGUMENT

I. **THIS COURT HAS DISCRETION TO TRANSFER THIS CASE TO THE WESTERN DISTRICT OF KENTUCKY.**

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) "contemplates a two step inquiry: (1) determining first

---

[1] The employees at the individual Texas Roadhouse restaurants do not have control over the customer information printed on receipts. (Kent Dec, ¶ 4)

3

whether venue would be proper in the proposed forum; and (2) whether the convenience of the parties and witnesses and the interests of justice would be served by a transfer to the proposed forum." *Klingensmith v. The Paradies Shops, Inc.*, 2007 U.S. Dist. LEXIS 51591, *4 (W.D. Pa. July 17, 2007). *See, also, Luca Oil Drilling Co., Inc. v. Gulf Oil Corporation*, 593 F. Supp. 1198, 1200 (W.D. Pa. 1984). The determination of whether a case should be transferred pursuant to § 1404(a) is within the sound discretion of the trial court. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Centimark Corp. v. Saffold*, No. 07-342, 2007 U.S. Dist. LEXIS 57772, *4 (W.D. Pa. August 4, 2007); *Blender v. Sibley*, 396 F. Supp. 300, 301 (E.D. Pa. 1975).

## II.  VENUE IS PROPER IN THE WESTERN DISTRICT OF KENTUCKY.

"In considering a § 1404(a) motion to transfer, the first step is to determine whether the action 'might have been brought' in the transferee forum." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 839 (W.D. Pa. 2006); *see, also, Luca Oil*, 593 F. Supp. at 1200. Here, venue is unquestionably proper in the Western District of Kentucky.

In a civil action such as this, where jurisdiction is founded on a federal question, venue is proper in the judicial district where any defendant resides, if all defendants reside in the same state. 28 U.S.C. § 1391(b). A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Texas Roadhouse is subject to personal jurisdiction in the Western District of Kentucky because it owns and operates restaurants in the Western District of Kentucky and because its corporate headquarters are located in the Western District of Kentucky. *See* KRS

§ 454.210; Brown Dec., ¶ 5. Texas Roadhouse is thus deemed to reside in the Western District of Kentucky, and venue is proper in that District.

Venue is also proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged occurred in the Western District of Kentucky. 28 U.S.C. § 1391(b)(2). Plaintiff's claims are based on Texas Roadhouse's allegedly willful inclusion of her credit card expiration date on her receipt. (Complaint, ¶¶ 30-35) The Texas Roadhouse corporate employees responsible for managing the restaurant POS software that controls what information is printed on customer credit and debit card receipts work in Texas Roadhouse's corporate headquarters in Louisville, Kentucky. (Kent Dec., ¶ 3) The Texas Roadhouse personnel responsible for ensuring compliance with POS software regulations and requirements also operate out of the corporate headquarters in Louisville, Kentucky. (*Id.*, ¶ 7) In short, while plaintiff's receipt may have been issued in Pennsylvania, the formatting of that receipt took place in the Western District of Kentucky, making venue proper in that District.

### III. THE CONVENIENCE OF THE PARTIES AND WITNESSES STRONGLY FAVORS TRANSFERRING THIS CASE TO THE WESTERN DISTRICT OF KENTUCKY.

"In considering a transfer pursuant to § 1404(a) there is no precise limit on the number of factors the court may consider . . . All relevant factors are to be considered in determining whether on balance the litigation would more conveniently proceed and the interests of justice would be better served by the requested transfer to a different forum." *Zokaites*, 424 F. Supp. 2d at 839 (internal citations omitted). As a result, the courts in this district have, not surprisingly, looked to varying lists of factors in evaluating transfer motions. Some of the most common factors considered by the courts include: (1) the plaintiffs' choice of forum; (2) the situs of

material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; (5) the convenience to the parties of litigating in the respective forums; and (6) the public interest of the respective jurisdictions in the resolution of the dispute. *Centimark*, 2007 U.S. Dist. LEXIS 57772 at *6; *Klingensmith*, 2007 U.S. Dist. LEXIS 51591 at *5; *Zokaites*, 424 F. Supp. 2d at 839-40; *Blender*, 396 F. Supp. at 302. In this case, these factors weigh heavily in favor of transfer to the Western District of Kentucky.

### A. Plaintiff's Choice of Forum is Entitled to Virtually No Weight.

The Western District of Pennsylvania is plaintiff's chosen forum. Yet, where the plaintiff purports to bring her claims on behalf of a nationwide class, **plaintiff's choice of forum is accorded virtually no weight.** *Bolton v. Tesoro Petroleum Corp.*, 549 F. Supp. 1312, 1313-14 (E.D. Pa. 1982); *Blender*, 396 F. Supp. at 302. For example, in *Klingensmith,* a putative FACTA class action brought by counsel for plaintiff in the case *sub judice*, Judge Ambrose granted the defendant's transfer motion and, in doing so, found that the putative class representative's choice of forum was entitled to little weight:

> I find that Klingensmith's and Kelly's choice of forum is entitled to even less deference here where the Paradies shops are located nationwide. There is every expectation that there will be more plaintiffs residing outside of Pennsylvania than within and that more causes of action will have arisen outside of Pennsylvania than within. Paradies has submitted evidence indicating that its shop located within this forum accounts for less than 10% of its business . . . Accordingly, more than 90% of the causes of action (and thus possibly plaintiffs) arose somewhere other than this forum. Further, despite that Klingensmith and Kelly have expressed a preference for litigation in Pennsylvania, there is no indication that their role will be anything more than nominal in nature. The focus of the litigation will be on Paradies' actions, not on any class member's actions.

2007 U.S. Dist. LEXIS 51591 at *7-8.

Similarly, plaintiff here seeks to represent a nationwide class of customers who allegedly received non-compliant receipts from Texas Roadhouse restaurants in thirty-eight states. Only

twelve of Texas Roadhouse's more than 200 restaurants, or about 6% of all Texas Roadhouse restaurants, are located in Pennsylvania. (Brown Dec., ¶ 6) Moreover, plaintiff is not the only Texas Roadhouse customer to bring a FACTA putative class action against Texas Roadhouse; a second substantially similar claim was filed in the United States District Court for the Northern District of Illinois on July 20, 2007.[2] As in *Klingensmith*, because the vast majority of the class resides outside Pennsylvania, this factor should be accorded little or no weight.

### B. The Situs of Material Events is in the Western District of Kentucky.

When considering a motion to transfer, courts must determine whether a lawsuit has any material relationship to the district in which it is brought. *Luca Oil Drilling Co., Inc.*, 593 F. Supp. at 1200, 1202 (finding that "[v]irtually all, if not all, of the contacts are with the State of Texas"). Where no such relationship exists, transfer is appropriate. *See Zokaites*, 424 F. Supp. at 840 (transferring case even though plaintiff resided in Pennsylvania, chose a Pennsylvania forum, and the agreement between defendant and plaintiff contained a forum selection clause for this District and a choice of law clause for Pennsylvania).

While plaintiff was issued a receipt by Texas Roadhouse in Pennsylvania that she alleges violated FACTA, she also alleges that other similarly situated persons throughout the country were issued receipts that violated FACTA. (Complaint, ¶¶ 14, 31-32) Indeed, Texas Roadhouse's POS systems are generally programmed uniformly for its restaurants throughout the 44 states in which it operates. (Kent Dec., ¶ 9) Thus, Pennsylvania's ties to this case are no greater than those of 43 other states.

Kentucky, on the other hand, is the situs of the events material to plaintiff's claims. In order to prevail on her claim, plaintiff must establish that Texas Roadhouse issued receipts that

---

[2] *Aliano v. Texas Roadhouse Holdings LLC*, Case No. 07-CV-4108. Texas Roadhouse has also moved to transfer

7

violated FACTA, and that it did so willfully. Whether Texas Roadhouse acted willfully will depend on the knowledge, intent, actions, and/or inactions of the Texas Roadhouse personnel in its Louisville headquarters responsible for the programming, management, and oversight of Texas Roadhouse's POS system and for Texas Roadhouse's efforts to comply with its statutory, contractual, and industry-imposed POS requirements. (Kent Dec., ¶¶ 5, 7) As a result, this factor weighs heavily in favor of a transfer to the Western District of Kentucky. *See, e.g., Luca Oil*, 1984 U.S. Dist. LEXIS 23421 at *11 (finding "virtually no nexus exists between this forum and the parties or transactions at issue").

### C. The Relevant Sources of Proof and Witnesses are in the Western District of Kentucky.

The sources of proof in this case are also located in the Western District of Kentucky. To determine whether Texas Roadhouse acted willfully, the Court will likely need to consider evidence regarding:

- What, if anything, Texas Roadhouse personnel involved in the programming of its POS systems knew about FACTA, and when;

- What steps Texas Roadhouse took to comply with its statutory, contractual, and/or industry-mandated POS system requirements, including the requirements imposed by FACTA;

- The reason Texas Roadhouse allegedly printed non-FACTA compliant receipts;

- When Texas Roadhouse first became aware of the problem which lead to the printing of plaintiff's allegedly non-compliant receipt; and

- What steps Texas Roadhouse took after it became aware of its alleged non-compliance, and when.

The evidence relating to all of these factors can be found in Kentucky.

---

the Illinois case to the Western District of Kentucky.

The POS system software that determines the content of Texas Roadhouse's customer receipts is managed by Texas Roadhouse employees working out of its Louisville, Kentucky headquarters. (Kent Dec., ¶ 4) The Texas Roadhouse personnel with knowledge of its POS system and, in particular, of the programming with respect to the content of customer receipts and their relevant files are located in Texas Roadhouse's Louisville, Kentucky headquarters. (*Id.*, ¶¶ 4-6) The Texas Roadhouse personnel responsible for monitoring and ensuring Texas Roadhouse's compliance with statutory, contractual, and industry POS requirements also operate out of the corporate headquarters in Louisville, Kentucky. (*Id.*, ¶ 7) Texas Roadhouse restaurant employees across the country do not determine what information is printed on customer receipts and have no responsibility for monitoring POS system requirements. (*Id.*, ¶ 4)

By comparison, plaintiff is the only likely witness located in Pennsylvania, and her knowledge and testimony likely will be limited to the transaction in which she received the receipt which is the subject of her claim and questions relating to whether a class should be certified. Because the vast majority of the likely witnesses and the relevant documentation regarding the Texas Roadhouse POS systems and the printing of expiration dates on receipts are located in the Western District of Kentucky, this factor also weighs heavily in favor of a transfer. *See, e.g., Klingensmith*, 2007 U.S. Dist. LEXIS 51591 at *8 (finding that FACTA claim focused on defendant's conduct).

### D.   The Convenience of the Parties Weighs in Favor of a Transfer.

For the same reasons, the convenience of the parties also weighs in favor of a transfer to the Western District of Kentucky. Several of Texas Roadhouse's key employees are likely to be critical witnesses at trial. The distraction this case creates for Texas Roadhouse's business

operations will only be magnified by requiring its key personnel to participate in trial and pre-trial proceedings out of state. (Kent Dec., ¶ 10)

By comparison, while plaintiff will no doubt argue that this District is more convenient for her, any potential inconvenience that would be imposed by a transfer is relatively minor. Indeed, as Judge Ambrose recognized, the role of a class plaintiff in these FACTA cases is "nominal." *Klingensmith,* 2007 U.S. Dist. LEXIS 51591 at *7.[3] The burden on Texas Roadhouse more than outweighs any alleged burden on plaintiff.

### E. Transfer to the Western District of Kentucky Would Further the Interest of Justice.

In addition to weighing private interests, courts must consider whether the interests of justice weigh in favor of or against transfer. Among the factors the courts typically consider are (1) the speed at which the case will proceed to trial or resolution, (2) the courts' familiarity with the applicable law, and (3) the public interest in resolving the case in a particular forum. *Zokaites,* 424 F. Supp. 2d at 840; *Bolton,* 549 F. Supp. at 1314.

In this case, there is little difference between the Western District of Pennsylvania and the Western District of Kentucky with regards to factors (1) and (2), as the length of time to trial is nearly identical in both Districts. Yet, the Western District of Kentucky has a strong public interest in resolving this case, which involves a company with its principal place of business in the Western District of Kentucky. Plaintiff seeks statutory damages which, if awarded, would put Texas Roadhouse out of business. By comparison, plaintiff has a relatively small interest in the outcome of the case that is limited to $1,000 in statutory damages for each alleged violation.

---

[3] Convenience of counsel is not a factor to be considered. *Bolton,* 549 F. Supp. at 1314.

Courts also recognize that transfer serves the administration of justice when a case is litigated in the forum that is close to the action. *Zokaites*, 424 F. Supp. 2d at 841. As explained above, any relevant "action" would have occurred in the Western District of Kentucky. The actions taken by Texas Roadhouse to monitor its POS system obligations, to program its POS systems, and to become compliant with FACTA all occurred in the Western District of Kentucky.

Finally, this Court has not yet invested significant judicial resources in this case. The parties have not yet conducted a scheduling conference and no scheduling order has been entered by the Court. In addition, there has been no motion practice. Therefore, transferring the case to the Western District of Kentucky will not delay these proceedings, impose any undue burden, or otherwise prejudice plaintiff. *See Zokaites*, 424 F. Supp. 2d at 841 (because of the relatively short period of time the action had been on the court's docket and the lack of any formal development of the record, a transfer did not significantly disrupt the litigation or result in a waste of judicial resources). On the contrary, if both this action and the Illinois action are transferred to the Western District of Kentucky, that court will have options at its disposal, including consolidation, which will foster significant judicial economy. As a result, this factor also weighs decidedly in favor of a transfer to the Western District of Kentucky.

## **CONCLUSION**

If, as plaintiff alleges, there is a nationwide class of Texas Roadhouse customers who were provided receipts in violation of FACTA, then the only fact tying this case to this District -- the residence of the name plaintiff -- is a mere fortuity. In contrast, virtually all of the relevant witnesses and documents are located in the Western District of Kentucky, the relevant conduct took place in the Western District of Kentucky, and the Western District of Kentucky has far and

away the most significant interest in the outcome of this case. For all of these reasons, Texas Roadhouse respectfully requests that the Court transfer this action to the Western District of Kentucky and grant such other relief as the Court deems just and proper.

Respectfully submitted,

s/ W. Patrick Delaney
W. Patrick Delaney
PA 23956
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7658
FAX (814) 454-4647
wdelaney@mijb.com

s/ Peter M. Cummins
Peter M. Cummins
FROST BROWN TODD LLC
400 West Market Street
Suite 3200
Louisville, KY 40202-3363

Attorneys for Defendant
  Texas Roadhouse, Inc.

1053845

# Exhibit A
# Declaration of Sheila C. Brown

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| NICOLE EHRHEART, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 07-54 |
| v. | ) ) | CLASS ACTION |
| TEXAS ROADHOUSE, INC., *et al.*, | ) ) | Electronically Filed |
| Defendants. | ) | |

## DECLARATION OF SHEILA C. BROWN

Sheila C. Brown, being first duly sworn, deposes and states as follows:

1. I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would competently testify to these matters.

2. I am the duly elected Corporate Secretary and custodian of the Minutes and corporate records of defendant Texas Roadhouse, Inc. ("Roadhouse, Inc.").

3. Roadhouse, Inc. is a publicly-traded holding company. Defendant Texas Roadhouse Holdings LLC ("Holdings") is a Kentucky limited liability company and a wholly-owned subsidiary of Roadhouse, Inc.

4. Holdings owns and/or operates most, but not all, of the restaurants operating under the name Texas Roadhouse.

5. Both Roadhouse, Inc. and Holdings have their principal place of business in Louisville, Kentucky. Holdings also owns and operates restaurants in the Western District of Kentucky.

6. Holdings owns and operates over 200 Texas Roadhouse restaurants in 38 states. Twelve of Holdings' restaurants, or approximately 6% of the total number of restaurants owned and operated by Holdings, are located in Pennsylvania.

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** December __19__, 2007.

                                                         Sheila C. Brown

**Exhibit B
Declaration of William Kent**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| NICOLE EHRHEART, | ) |
| Plaintiff, | ) Civil Action No. 07-54 |
| v. | ) CLASS ACTION |
| TEXAS ROADHOUSE, INC., *et al.*, | ) Electronically Filed |
| Defendants. | ) |

## DECLARATION OF WILLIAM KENT

William Kent, being first duly sworn, deposes and states as follows:

1. I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would competently testify to these matters.

2. I serve as the Senior Director of Information Technology on behalf of defendant Texas Roadhouse Holdings LLC ("Texas Roadhouse").

3. As the Senior Director of Information Technology for Texas Roadhouse, my duties and responsibilities include the acquisition, management, maintenance, and oversight of Texas Roadhouse's point of sale ("POS") hardware and software systems, which controls what is printed on receipts issued at Texas Roadhouse restaurants. I oversee a department of approximately 20 people.

4. The members of the Texas Roadhouse Information Technology Department, all of whom work out of Texas Roadhouse's Louisville, Kentucky headquarters with me, manage, maintain, and oversee the operation of the Texas Roadhouse POS software systems, including the information printed on customer receipts. Employees at individual Texas Roadhouse restaurants around the country do not have control over the specific information, including customer information, printed on Texas Roadhouse customer receipts.

1839247-1

5.  I personally know and am familiar with all of the employees in the Texas Roadhouse Information Technology Department. All of the personnel responsible for the operation of Texas Roadhouse's POS systems and the content of its electronically-generated receipts live in and around Louisville, Kentucky.

6.  Other than paper copies of individual customer receipts, which are maintained at the individual Texas Roadhouse restaurants throughout the country, documents relating to Texas Roadhouse's POS software systems and the contents of Texas Roadhouse's electronically-generated customer receipts are maintained at Texas Roadhouse's Louisville, Kentucky headquarters.

7.  As Senior Director of Information Technology, I am also involved in Texas Roadhouse's efforts to monitor its statutory, contractual, and industry-imposed POS system requirements. Others with responsibility for this task include members of the Texas Roadhouse Information Technology Department who work for me, Texas Roadhouse's government relations personnel, and its in-house legal counsel. All of these people work in Texas Roadhouse's Louisville, Kentucky headquarters and live in and around the Louisville, Kentucky area.

8.  As a result, any documents relating to Texas Roadhouse's knowledge of, and efforts to comply with, its statutory, contractual, and industry-imposed POS system requirements are likely to be found in Texas Roadhouse's Louisville, Kentucky headquarters.

9.  The POS systems and cash registers used at Texas Roadhouse owned and operated restaurants around the country are programmed centrally from Texas Roadhouse's Louisville, Kentucky headquarters by members of the Information Technology Department. The POS systems and the information contained on Texas Roadhouse's customer receipts are

generally programmed consistently and uniformly throughout all the restaurants owned and operated by Texas Roadhouse.

10.  The time commitment necessary for members of my department and me to actively participate in this action and the FACTA putative class action currently pending in Illinois is likely to put a serious strain and inconvenience on members of my department and me. As I understand it, any members of my department who are likely trial witnesses will be required to spend multiple days in the jurisdictions in which these cases are pending during the pre-trial and trial phases of the cases. These time commitments will have a significant impact on the ability of the Information Technology Department to effectively fulfill its responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** December _19_, 2007.

_William Kent_
William Kent

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2007, the foregoing Defendant's Memorandum in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A) was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.



s/ W. Patrick Delaney
W. Patrick Delaney