**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION**

| | |
|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated,      ) ) ) | Civil Action No.07-cv-00054 |
|      ) | |
| Plaintiff,      ) ) | CLASS ACTION |
|      ) | Honorable Sean J. McLaughlin |
| v.      ) ) | |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive,      ) ) ) | **Electronically Filed** |
| Defendants.      ) ) | |

## MOTION TO STAY ALL PROCEEDINGS

Plaintiff, Nichole M. Ehrheart, by and through her undersigned counsel, respectfully moves this Court for a stay of all proceedings in this matter, pending the ruling on Plaintiff's Motion for Transfer that has been submitted to the Judicial Panel on Multi-District Litigation.

1.      On March 26, 2007, Plaintiff filed a putative Class Action Complaint based on Defendant's alleged violations of the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*

2.      On May 31, 2007, Defendant filed an Answer to Plaintiff's Complaint.

3.      On May 31, 2007, this Court entered a Preliminary Scheduling Order setting a Case Management Conference for July 26, 2007.

4.      On July 26, 2007, this Court held a Case Management Conference.  No case management deadlines were set at this Conference.  Counsel for the parties were advised to notify the Court within seventy-five (75) days as to any progress made in mediating the case.

5.     On October 3, 2007, the Parties held a mediation session with Arthur Stroyd, Jr., Esquire in Pittsburgh Pennsylvania.  That mediation session was inconclusive, but the parties agreed that it would be useful to engage in further discussions to further explore the possibility of settlement.

6.     On October 5, 2007, the Parties filed a motion to stay further proceedings while the parties further explored the possibility of settlement.

7.     On October 9, 2007, this Court granted the Parties motion to stay and instructed the Parties to advise the Court on or before December 5, 2007 as to settlement.

8.     Any efforts since October 3, 2007 to engage in settlement discussions have proven to be unsuccessful.

9.     On December 20, 2007, Defendant filed a motion to transfer this case to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. §1404(a).

10.    On December 21, 2007, Plaintiff submitted for filing to the Clerk of the Judicial Panel on Multi-District Litigation ("MDL Panel") a Motion for Transfer and Coordination Pursuant to 28 U.S.C. §1407 ("Motion for Transfer," attached hereto as Exhibit 1).

11.    The MDL Panel has already recognized that similar FACTA cases are appropriate for MDL treatment.  *See, e.g., In re The TJX Companies, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation*, MDL No. 1853, 505 F.Supp.2d 1370 (J.P.M.L. Aug. 31, 2007); *In re Charlotte Russe, Inc.*, MDL No. 1864, 505 F.Supp.2d 1377 (J.P.M.L. Aug. 30, 2007); *In re Boscov's Department Store, LLC FACTA Litigation*, MDL No. 1881, 2007 WL 3119372 (J.P.M.L. Oct. 17, 2007).

12.    Plaintiff seeks a stay of the instant proceedings pending the likely consolidation and/or coordination of these cases pursuant to the Motion for Transfer.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  Using this power, "courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."  *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998).

13.    The interests of judicial economy and efficiency will be served if there is a stay of all proceedings in this matter, pending the ruling of the MDL Panel on the Motion for Transfer. Regardless of what forum the cases are transferred to, the transferee forum will hear and decide the same issues to be decided in this case – whether class certification is appropriate, whether Defendant's violation of FACTA was willful, etc.  Additionally, discovery on the same issues, with the same witnesses and same documents, need occur only once.

14.    Defendant will not be prejudiced by a stay.  No discovery has been taken.  Any slight delay that may be caused by waiting for the decision of the MDL Panel is outweighed by the interests of judicial economy and efficiency, and the threat of inconsistent rulings.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order staying all proceedings in this matter.

Respectfully submitted, this 8th day of January, 2008.


/s/ Gary F. Lynch_____
Gary F. Lynch, Esquire
PA ID 56887
glynch@carlsonlynch.com
R. Bruce Carlson, Esquire
PA ID 56657
bcarlson@carlsonlynch.com
CARLSON LYNCH LTD
36 N. Jefferson Street
PO Box 7635
New Castle, PA  16107
(P) 724-656-1555
(F) 724-656-1556

# **<u>EXHIBIT 1</u>**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re Texas Roadhouse FACTA Litigation**                    MDL  No._____

## MOTION TO CENTRALIZE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. §1407

    1.      For the reasons set forth in the accompanying memorandum, plaintiff Nichole M. Ehrheart respectfully moves the Panel to transfer the action styled, *Ehrheart v. Texas Roadhouse, Inc. and Does 1 through 10, inclusive*, No. 1:07-00054 (W.D. Pa. - Erie Division) (the "Pennsylvania Action"), to the Northern District of Illinois for coordination or consolidation with *Aliano v. Texas Roadhouse Holdings, LLC; Texas Roadhouse, Inc.; and Does 1-10*, No. 1:07-04108 (N.D. Ill. - Eastern Division) (the "Illinois Action"). *See* attached Schedule of Actions pursuant to 28 U.S.C. §1407.

    2.      Both pending actions involve the same defendant (Texas Roadhouse) and contain a cause of action for violation of the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681 et seq. ("FACTA").

3.      Each lawsuit is premised on allegations that defendant violated federal law by printing more than the last five digits of the card number and/or the expiration date of receipts provided to credit card and debit card cardholders transacting business with defendant.

4.      Given the similarities of the allegations, these two cases satisfy the statutory requirements for transfer and coordination or consolidation under 28 U.S.C. §1407.

5.      For the reasons set forth above and in the accompanying memorandum, the Panel should transfer the Pennsylvania Action for coordination or consolidation with the Illinois Action before United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1407.

Dated: December 21, 2007                           Respectfully submitted,

Gary F. Lynch
PA I.D. 56887
glynch@carlsonlynch.com
R. Bruce Carlson
PA I.D. 56657
bcarlson@carlsonlynch.com
CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(P) (724) 656-1555
(F) (724) 656-1556

**Counsel for Plaintiff Nichole M. Ehrheart**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In re Texas Roadhouse FACTA Litigation      MDL  No._____**

**<u>SCHEDULE OF ACTIONS</u>**

| CASE CAPTION | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| Nichole M. Ehrheart v. Texas Roadhouse, Inc. | W.D. Pennsylvania (Erie) | 1:07-cv-00054 | Sean J. McLaughlin |
| Mario Aliano v. Texas Roadhouse Holdings, LLC and Texas Roadhouse, Inc. | N.D. Illinois (Chicago) | 1:07-cv-04108 | Charles R. Norgle, Sr. |

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In re Texas Roadhouse FACTA Litigation        MDL No._____**

**BRIEF IN SUPPORT OF MOTION TO CENTRALIZE FOR
COORDINATED OR CONSOLIDATED PRETRIAL
PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

## I.    INTRODUCTION

By her motion, Nichole M. Ehrheart ("Movant"), plaintiff in the action *Ehrheart v. Texas Roadhouse, Inc. and Does 1 through 10, inclusive*, No. 1:07-00054 (W.D. Pa. - Erie Division) (the "Pennsylvania Action"), seeks the transfer of the Pennsylvania Action to the Northern District of Illinois for centralization and pretrial coordination or consolidation with the action styled, *Aliano v. Texas Roadhouse Holdings, LLC; Texas Roadhouse, Inc.; and Does 1-10*, No. 1:07-04108 (N.D. Ill. - Eastern Division) (the "Illinois Action"), pursuant to 28 U.S.C. § 1407. Each of these two class action lawsuits involves the same defendant and each lawsuit is premised on allegations that defendant violated the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681 et seq. ("FACTA") by printing more than the last five digits of the card number and/or the

1

expiration date of receipts provided to credit card and debit card cardholders transacting business

with defendant.  Both actions seek certification of a national class of consumers who received

receipts that did not comply with FACTA's requirements.  Given the similarities in the

allegations in these lawsuits, these cases satisfy the statutory requirements for transfer and

coordination.  Each case "involve[s] one or more common questions of fact" and centralization

of the cases will further "the convenience of the parties and witnesses and will promote the just

and efficient conduct of such actions" by ensuring centralized oversight of pretrial fact

development in what are likely to be highly complex actions.  28 U.S.C.§1407.

Movant respectfully proposes that the Panel transfer the Pennsylvania Action for MDL

treatment to the United States District Court for the Northern District of Illinois.


**II.    BACKGROUND**

On or about March 26, 2007, Plaintiff Nichole M. Ehrheart commenced the Pennsylvania

Action against Texas Roadhouse, Inc. ("Texas Roadhouse") in the United States District Court

for the Western District of Pennsylvania - Erie Division - on behalf of a national class of debit

and credit cardholders who transacted business with defendant and who received receipts from

Texas Roadhouse that violated FACTA.  *See* Exhibit 1 (Pennsylvania Action Complaint and

docket report).  The Pennsylvania Action has been assigned to the Honorable Sean J.

McLaughlin.  On May 31, 2007, Texas Roadhouse filed an Answer to Plaintiff's Complaint.  On

or about July 26, 2007, the Court held a Case Management Conference.  No case management

deadlines were set at this Conference.  Counsel for the parties were advised to notify the Court

within seventy-five (75) days as to any progress made in mediating the case.  On October 3,

2007, the Parties held a mediation session with Arthur Stroyd, Jr., Esquire in Pittsburgh Pennsylvania. That mediation session was inconclusive, but the parties agreed that it would be useful to engage in further discussions to further explore the possibility of settlement. On October 5, 2007, the Parties filed a motion to stay further proceedings while the parties further explored the possibility of settlement. On October 9, 2007, the Court granted the Parties motion to stay and instructed the Parties to advise the Court on or before December 5, 2007 as to settlement. Any efforts since October 3, 2007 to engage in settlement discussions have proven to be unsuccessful. The parties to the Pennsylvania Action have not engaged in discovery.

On or about July 20, 2007, Plaintiff Mario Aliano filed the Illinois Action against Texas Roadhouse Holdings, LLC and Texas Roadhouse, Inc. (collectively "Texas Roadhouse") in the U.S. District Court for the Northern District of Illinois - Eastern Division - also, on behalf of a national class. *See* Exhibit 2 (Illinois Action Complaint and docket report). The Illinois Action has been assigned to the Honorable Charles R. Norgle, Sr. On October 22, 2007, Texas Roadhouse filed an Answer to Plaintiff's Complaint. It is Movant's belief that discovery has not commenced in the Illinois Action.

These cases are well suited for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. As discussed below, they present similar allegations and require resolution of parallel issues, including whether defendants failed to comply with federal statutory law, whether defendant participated in and pursued a common course of conduct and unlawful scheme, the nature of injunctive and equitable relief to which the Class may be entitled under the facts, and whether class certification is appropriate.

III.   **ARGUMENT**

    A.   **These Action Are Appropriate For Transfer And Pretrial Coordination Under 28 U.S.C. §1407**

Title 28, section 1407(a) of the United States Code provides, "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. §1407(a). The Panel "shall" make such transfers when in furtherance of "the convenience of the parties and witnesses" and when transfer "will promote the just and efficient conduct of such actions." *Id.* As explained below, the Pennsylvania Action and the Illinois Action meet these criteria.

    B.   **These Actions Involve One Or More Common Questions Of Fact**

The Pennsylvania Action and Illinois Action meet the first requirement of section 1407(a) in that they involve one or more common questions of fact. The Panel has held that common questions of fact exist where "two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events." *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M..L. 1974).

Each of the complaints filed in the two actions asserts a claim that the defendant violated federal law by printing more than the last five digits of the card number and/or the expiration date of receipts provided to credit and debit cardholders transacting business with defendant. As such, the factual issues plainly overlap.

Moreover, the two actions seek certification of overlapping classes. The fact that multiple cases present conflicting class representation claims militates in favor of consolidating

the cases for pretrial proceedings because "[t]ransfer will eliminate any possibility of inconsistent

determinations of the class action questions involved in th[e] litigation." *Id.* (citing *In re*

*Plumbing Fixtures Cases*, 298 F.Supp. 484, 493 (J.P.M.L. 1968)).

Therefore, the Pennsylvania Action and the Illinois Action should be centralized for

coordination and consolidation due to the common questions of law and fact involved.

### C.    Coordination Or Consolidation Of These Actions Will Serve The Convenience Of Parties And Witnesses

Coordination or consolidation of these cases will also satisfy the second criterion under

section 1407(a) by serving the "convenience of [the] parties and witnesses."  Without

coordination or consolidation, discovery will likely be duplicative and witnesses will be deposed

in each of the actions.  Coordination or consolidation would solve the problem by enabling a

single judge to formulate a pretrial program that would coordinate discovery, minimize witness

inconvenience, and reduce expenses. *See In re A.H. Robins Co., Inc. "Dalkon Shield" IUD*

*Prods. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975) (transfer "necessary in order to

prevent duplication of discovery"); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F.Supp.

651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a

minimum of inconvenience to all concerned with the pretrial activities").

### D.    Coordination Or Consolidation Of These Actions Will Promote Just And Efficient Conduct Of The Actions

Centralization or consolidation of the two pending cases will also promote the third

criterion of section 1407(a) - the just and efficient conduct of the lawsuits - by preventing

duplicative discovery and by facilitating consistent resolution of pretrial issues including class

certification. *See e.g. In re Cross Florida Barge Canal Litig.*, 329 F. Supp. 543, 544 (J.P.M.L.

5

1971) (two actions consolidated in order to "eliminate the likelihood of repetitive discovery in [certain] areas, serving the convenience of the parties and witnesses and furthering the just and efficient conduct of the litigation").[1]

These cases were filed in Federal Court around the same time and little, if any, discovery has taken place in either case. Thus, the pretrial process can be efficiently coordinated from the start. Given the common allegations in the complaints, discovery will be duplicated absent coordination or consolidation of the actions.

Moreover, the various pretrial disputes likely to arise in these two cases will likely be the same (e.g., issues concerning the sufficiency of the pleadings and issues concerning the nature and scope of discovery and questions regarding privilege). *See In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (consolidation was necessary to "eliminate the possibility of conflicting pretrial rulings concerning... common factual issues"); *In re First Nat'l Bank, Heavener, Okla. Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (transfer "necessary, even though only two actions are involved, in order to... eliminate the possibility of inconsistent pretrial rulings"). Consolidation or coordination will also ensure that the parties to these lawsuits are not subject to inconsistent pretrial rulings regarding class certification. The Panel has "consistently held that transfer of actions under §1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975). *See also America Online*, 2000 U.S. Dist. LEXIS 13262, at *3-*4 (centralization necessary "in order to... prevent inconsistent pretrial

---

[1]    *See also Cooper Tire & Rubber Co..,* 2001 WL 253115 at *1 (cases centralized to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources); *St. Jude Med.*, 2001 U.S. Dist. LEXIS 5226, at *3 (same); *Am. Online*, 2000 U.S. Dist. LEXIS 13262, at *3-*4 (same); *Gen. Motors Corp.*, 1999 U.S. Dist. LEXIS 5075, at *2 (same); *Chrysler Corp. Vehicle Paint Litig.*, 1998 U.S. Dist. LEXIS 15675, at *2 (same).

rulings... with respect to overlapping class certification issues"); *In re Temporamandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (same).[2]  Since the class allegations in these cases are very similar the arguments presented both for and against certification will presumably be the same.  Thus, there will be a significant possibility of inconsistent rulings on class certification and other class action-related issues if these cases are not coordinated or consolidated, not to mention unnecessary duplication of effort by the parties and the courts.  The potential for inconsistent class rulings amplifies the need to have a single judge oversee the class action issues.  *See In re Cuisinart Food Processor*, 506 F. Supp. at 655.

Moreover, transfer here is appropriate, despite the fact that there are only two cases involved,[3] because any later-filed duplicative lawsuits could expediently be included as "tag-along" cases.  *See In re Gas Meter Antitrust Litig.*, 464 F. Supp. 391 (J.P.M.L. 1979) (major reason for the Panel's transfer order was the salutary effect of providing a ready forum for the inclusion of expected newly filed actions).  In fact, the likelihood that other "tag-along" actions will be filed here is high due to the fact that the defendant did business in several other states across the United States.

---

[2]  *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) ("the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407"); *In re Multidistrict Private Cicil Table Damage Litig. Including Plumbing Fixtures*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid "pretrial chaos in conflicting class action determinations"); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("[s]ection 1407 centralization is especially important to insure consistent treatment of the class action issues"); *In re Mutual Fund Sales Anti-Trust Litig.*, 361 F. Supp. 638, 639-640 (J.P.M.L. 1973) ("we have frequently held that the possibility for conflicting class determinations under [Fed. R.Civ.P. 23] is an important factor favoring transfer of all actions to a single district").

[3]  *See In re Clark Oil and Refining Corp. Antitrust Litig.*, 364 F. Supp. 458, 459 (J.P.M.L. 1973) (transfer of one case to district of another case necessary even though only two cases involved due to complexity of factual issues and presence of competing requests for class designation in order to avoid duplication of discovery and eliminate the possibility of conflicting pretrial rulings); *First National Bank*, 451 F. Supp. at 997 (J.P.M.L. 1978) (Transfer under §1407 necessary "even though only two actions are involved").

Finally, the complexity of the pending actions warrants transfer. The pending cases present complex factual and legal issues such that transfer and consolidation are particularly desirable. *See C. Wright & A. Miller*, FEDERAL PRACTICE & PROCEDURE §3863 ("In particular large complex multidistrict class actions, it has been argued that it is especially important to order pretrial consolidation; this will enable a single judge to restrict 'disjointed actions into what can be termed a 'super class action' [which] may be the only form in which the litigation can be handled by the judicial system.'") (citation omitted). These two cases involve allegations against a defendant who conducts business in many different states. Moreover, the proposed classes in these two class actions involve potentially hundreds of thousands of individuals. Clearly, these cases involve complex factual and legal issues and the parties, witnesses, and judicial system will benefit from having them, and the impending tag-along actions, coordinated or consolidated to avoid duplicative discovery and motion practice. *See In re Cuisinart Food Processor*, 505 F. Supp. at 655 (holding that difficult issues surrounding class certification warrant transfer). Therefore, for the sake of judicial efficiency, it is important that these actions be centralized and that pretrial processes be coordinated or consolidated.

### E.    This Panel Should Transfer The Pennsylvania Action To The Northern District Of Illinois

Movant respectfully requests that the Panel transfer the Pennsylvania Action to the Northern District of Illinois to be coordinated or consolidated with the Illinois Action. MDL actions are commonly transferred to a forum where one or more cases is already pending. *Dalkon Shield*, 406 F. Supp. at 542. Thus, centralization in the Northern District of Illinois is appropriate because the Illinois Action is currently pending in that district before Judge Norgle.

In determining which district related actions should be centralized, the Panel also considers which of the proposed districts will be most convenient to the parties and witnesses. Often a district situated in a "central" location is chosen as the district of centralization. *See Id.* at 543 (centralizing actions in the District of Kansas because, inter alia, of its "geographically central location"). This litigation's transfer to an Illinois forum will provide the best opportunity for judicial efficiency and economy because the Defendant's corporate headquarters is located in Louisville, Kentucky, which is significantly closer to Chicago, Illinois than Erie, Pennsylvania and thus will be more convenient and cost efficient for the witnesses and parties if the Pennsylvania Action is transferred to the Northern District of Illinois. Therefore, the Northern District of Illinois is the more appropriate forum.[4]

## IV.    Conclusion

For all the foregoing reasons, the coordination or consolidation of these overlapping class actions would further "the convenience of [the] parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. §1407(a). Therefore, Movant respectfully requests the Panel enter an order transferring the Pennsylvania Action to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

---

[4]     The location of the first-filed (and typically most advanced) case is often found to be the appropriate transferee forum. *See In re Metoprolol Succinate Patent Litig.*, 329 F.Supp.2d 1368, 1370 (J.P.M.L. 2004) (noting that the case pending in the chosen transferee forum was the first-filed and its pretrial proceedings were already "well under way"). However, here the cases were filed within a few months of each other and each is in substantially the same stage of proceedings. Thus, this factor should not be entitled to much weight in the Panel's analysis.

Dated: December 21, 2007

Respectfully submitted,

Gary F. Lynch
PA I.D. 56887
glynch@carlsonlynch.com
R. Bruce Carlson
PA I.D. 56657
bcarlson@carlsonlynch.com
CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(P) (724) 656-1555
(F) (724) 656-1556

**Counsel for Plaintiff Nichole M.
Ehrheart**

# <u>Exhibit 1</u>

2  Filed 01/08/2008    Page 16 of 44

Case 1:07-cv-00054-SJM    Document 1    Filed 03/26/2007    Page 1 of 12
Case 1:05-mc-02025    Document 336-1    Filed 03/26/2007    Page 1 of 12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. *07 - 54 E* |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, | ) ) ) | <u>**JURY TRIAL DEMANDED**</u> |
| Defendants. | ) ) | **Electronically Filed** |

## CLASS ACTION COMPLAINT

Comes now Plaintiff Nichole M. Ehrheart ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.      In 2003, Congress passed and the President signed, the Fair and Accurate Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.  In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft.  A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.  With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2.      A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

1

3.    The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  Although Defendant (defined below) had up to three years to comply, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

4.    Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq.*

5.    Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§1681 *et seq.*, and a permanent injunction enjoining Defendant from continuing its unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

**JURISDICTION AND VENUE**

6.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.

8.    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

2

Filed 01/08/2008    Page 18 of 44

Case 1:07-cv-00054-SJM    Document 1    Filed 03/26/2007    Page 3 of 12
Case 1:05-mc-02025    Document 336-1    Filed 03/26/2007    Page 3 of 12

**PARTIES**

9.    Plaintiff, Nichole M. Ehrheart, is and at all times relevant hereto was a resident of the Commonwealth of Pennsylvania, County of Lawrence.

10.    Defendant Texas Roadhouse, Inc., is headquartered at 6040 Dutchmans Lane, Suite 200, Louisville, Kentucky, 40205.  "Defendant" means Texas Roadhouse, Inc., and defendants Does 1 through 10.  Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

11.    Plaintiff is unaware of the true names of defendants Does 1 through 10.  Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

12.    Plaintiff is informed and believes and thereon alleges that all relevant times each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or al of the other defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

3

## CLASS ALLEGATIONS

13.    Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

14.    Plaintiff seeks to represent two classes of persons to be defined as follows:

**CLASS A:**    With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005:  all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, on which Defendant printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

**CLASS B:**    With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was first put into use on or after January 1, 2005:  all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after such machine was put into use, on which Defendant printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

15.    <u>Numerosity:</u> Each of the classes described above in paragraph 14 are so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

4

Filed 01/08/2008     Page 20 of 44

Case 1:07-cv-00054-SJM     Document 1     Filed 03/26/2007     Page 5 of 12
Case 1:05-mc-02025     Document 336-1     Filed 03/26/2007     Page 5 of 12

16.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of each of the respective classes described in paragraph 14.

17.     The exact sizes of CLASS A and CLASS B and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

18.     Members of CLASS A and CLASS B may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

19.     Typicality: Plaintiff's claims are typical of the claims of the members of CLASS A and CLASS B. The claims of the Plaintiff and members of CLASS A and CLASS B are based on the same legal theories and arise from the same unlawful and willful conduct.

20.     Plaintiff and members of CLASS A and CLASS B were each customers of Defendant, each having made a purchase or transacted other business with Defendant at an applicable time using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of CLASS A and CLASS B, Defendant provided to Plaintiff and each member of CLASS A and CLASS B a receipt in violation of 15 U.S.C. §1681c(g).

21.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of CLASS A and CLASS B.

Filed 01/08/2008 Page 21 of 44

Case 1:07-cv-00054-SJM Document 1 Filed 03/26/2007 Page 6 of 12
Case 1:05-mc-02025 Document 336-1 Filed 03/26/2007 Page 6 of 12

22.     The questions of fact and law common to CLASS A and CLASS B predominate over questions which may affect individual members and include the following:

a.      Whether Defendant's conduct of providing Plaintiff and the members of CLASS A and CLASS B with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§1681 et seq.;

b.      Whether Defendant's conduct was willful;

c.      Whether Plaintiff and members of CLASS A and CLASS B are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct;

d.      Whether Plaintiff and members of CLASS A and CLASS B are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct.

21.     <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of CLASS A and CLASS B because her interests do not conflict with the interests of the members of CLASS A or CLASS B, the classes which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of CLASS A and CLASS B and has no interests antagonistic to the members of CLASS A or CLASS B.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

22.     <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of CLASS A and CLASS B.  While the aggregate damages which may be awarded to the members of CLASS A and CLASS B are likely to be substantial,

6

Filed 01/08/2008    Page 22 of 44

Case 1:07-cv-00054-SJM    Document 1    Filed 03/26/2007    Page 7 of 12
Case 1:05-mc-02025    Document 336-1    Filed 03/26/2007    Page 7 of 12

the damages suffered by the individual members of CLASS A and CLASS B are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of CLASS A and CLASS B to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of CLASS A or CLASS B. The likelihood of the individual members of CLASS A and CLASS B prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of CLASS A and CLASS B. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

23.    Injunctive Relief:  Defendant has acted on grounds generally applicable to the members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with respect to CLASS A and CLASS B as a whole.

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. §§1681 *et seq.*

### (On Behalf of Plaintiff and the Members of CLASS A and CLASS B)

24.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

25.    Plaintiff asserts this claim on behalf of herself and CLASS A and CLASS B against Defendant.

26.    Title 15 U.S.C. §1681c(g)(1) provides that:

...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

27.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

28.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

29.    Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of CLASS A and CLASS B. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

30.    After the effective date of the statute, Defendant, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed more than the last five digits of Plaintiff's credit card or debit card number and/or printed the expiration date of Plaintiff's credit or debit card.

31.    Defendant at the point of a sale or transaction with members of CLASS A, provided through use of a machine that was first put into use on or after January 1, 2005, each member of CLASS A with one or more electronically printed receipts on each of which Defendant printed, for each respective CLASS A member, more than the last five digits of such

8

Filed 01/08/2008    Page 24 of 44

Case 1:07-cv-00054-SJM    Document 1    Filed 03/26/2007    Page 9 of 12
Case 1:05-mc-02025    Document 336-1    Filed 03/26/2007    Page 9 of 12

member's credit card or debit card number and/or printed the expiration date of such member's

credit or debit card.

32.     On or after December 4, 2006, Defendant at the point of a sale or transaction with

members of CLASS B, provided through use of a machine that was first put into use before

January 1, 2005, each member of CLASS B with one or more electronically printed receipts on

each of which Defendant printed, for each respective CLASS B member, more than the last five

digits of such member's credit card or debit card number and/or printed the expiration date of

such member's credit or debit card.

33.     As set forth above, FACTA was enacted in 2003 and gave merchants who accept

credit card and/or debit cards up to three years to comply with its requirements, requiring

compliance for all machines no later than December 4, 2006.

34.     Defendant knew of, or should have known of, and was informed about the law,

including specifically FACTA's requirements concerning the truncation of credit and debit card

numbers and prohibition on printing of expiration dates.  For example, but without limitation,

several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards

Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB),

companies that sell cash registers and other devices for the processing of credit or debit card

payments, and other entities informed Defendant about FACTA, including its specific

requirements concerning the truncation of credit card and debit card numbers and the prohibition

on the printing of expiration dates, and Defendant's need to comply with the same.

35.     Despite knowing and being repeatedly informed about FACTA and the

importance of truncating credit card and debit card numbers and preventing the printing of

expiration dates on receipts, and despite having had up to more than three years to comply with

Filed 01/08/2008    Page 25 of 44

Case 1:07-cv-00054-SJM    Document 1    Filed 03/26/2007    Page 10 of 12
Case 1:05-mc-02025    Document 336-1    Filed 03/26/2007    Page 10 of 12

FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of CLASS A and CLASS B – persons with whom Defendant transacts business.

36.    Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

37.    In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

38.    Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of CLASS A and CLASS B thereby exposing Plaintiff and the members of CLASS A and CLASS B to an increased risk of identity theft and credit and/or debit card fraud.

39.    As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of CLASS A and CLASS B in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

40.    As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

Filed 01/08/2008    Page 26 of 44

Case 1:07-cv-00054-SJM    Document 1    Filed 03/26/2007    Page 11 of 12
Case 1:05-mc-02025    Document 336-1    Filed 03/26/2007    Page 11 of 12

41.    As a result of Defendant's willful violations of FACTA, Plaintiff and the

members of CLASS A and CLASS B are entitled to recover punitive damages.  15 U.S.C.

§1681n(a)(2).

42.    Defendant's conduct is continuing and, unless restrained, Defendant will continue

to engage in its willful conduct.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of CLASS A and CLASS

B, prays for:

a.    An order certifying CLASS A and CLASS B and appointing Plaintiff as the
representative of CLASS A and CLASS B, and appointing counsel for Plaintiff as
counsel for CLASS A and CLASS B;

b.    An award to Plaintiff and the members of CLASS A and CLASS B of statutory
damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful
violations;

c.    An award to Plaintiff and the members of CLASS A and CLASS B of punitive
damages pursuant to 15 U.S.C. §1681n(a)(2);

d.    Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C.
§1681n(a)(3);

e.    Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C.
§1681n(a)(3);

f.    A permanent injunction enjoining Defendant from engaging in conduct in
violation of FACTA; and

g.    For other and further relief as the Court may deem proper.

2   Filed 01/08/2008    Page 27 of 44

Case 1:07-cv-00054-SJM    Document 1    Filed 03/26/2007    Page 12 of 12
Case 1:05-mc-02025    Document 336-1    Filed 03/26/2007    Page 12 of 12

Dated: March 26, 2007                   Respectfully Submitted,
                                        /s/ Gary F. Lynch
                                        Gary F. Lynch
                                        PA56887
                                        glynch@carlsonlynch.com
                                        R. Bruce Carlson
                                        PA56657
                                        bcarlson@carlsonlynch.com
                                        Stephanie K. Goldin
                                        PA202865
                                        sgoldin@carlsonlynch.com
                                        CARLSON LYNCH LTD.
                                        36 N. Jefferson Street
                                        PO Box 7635
                                        New Castle, PA  16107
                                        724-656-1555
                                        724-656-1556 (f)

STAY

## U.S. District Court
### Western District of Pennsylvania (Erie)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00054-SJM

EHRHEART v. TEXAS ROADHOUSE, INC. et al
Assigned to: Sean J. McLaughlin
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 03/26/2007
Jury Demand: None
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

### Plaintiff

**NICHOLE M. EHRHEART**
*individually and on behalf of all others
similarly situated*

represented by **Gary F. Lynch**
Carlson Lynch Ltd
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(724) 656-1555
Email: glynch@carlsonlynch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R. Bruce Carlson**
Carlson Lynch
P.O. Box 367
231 Melville Lane
Sewickley, PA 15143
(412) 749-1677
Email: bcarlson@carlsonlynch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephanie K. Goldin**
Carlson Lynch
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143
(412) 749-1677
Email: sgoldin@carlsonlynch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**TEXAS ROADHOUSE, INC.**

represented by **Peter M. Cummins**
Frost Brown Todd
400 West Market Street
32nd Floor
Louisville, KY 40202
(502) 779-8190

Email: pcummins@fbtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Patrick Delaney**
MacDonald, Illig, Jones & Britton
100 State Street
Suite 700
Erie, PA 16507-1459
(814) 870-7658
Fax: (814) 454-4647
Email: pdelaney@mijb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES 1 THROUGH 10, INCLUSIVE**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2007 | 1 | COMPLAINT against all defendants ( Filing fee $ 350 receipt number 07-257, filed by NICHOLE M. EHRHEART. (Attachments: # 1 Civil Cover Sheet # 2 Receipt)(sdp) (Entered: 03/26/2007) |
| 04/16/2007 | 2 | NOTICE of Appearance by R. Bruce Carlson on behalf of NICHOLE M. EHRHEART (Carlson, R.) (Entered: 04/16/2007) |
| 04/16/2007 | 3 | NOTICE of Appearance by Stephanie K. Goldin on behalf of NICHOLE M. EHRHEART (Goldin, Stephanie) (Entered: 04/16/2007) |
| 04/19/2007 | 4 | NOTICE of Appearance by W. Patrick Delaney on behalf of TEXAS ROADHOUSE, INC. (Delaney, W.) (Entered: 04/19/2007) |
| 04/25/2007 | 5 | MOTION for attorney Peter M. Cummins to Appear Pro Hac Vice by TEXAS ROADHOUSE, INC.. (Delaney, W.) (Entered: 04/25/2007) |
| 04/25/2007 | 6 | Pro Hac Vice Fees received in the amount $ 40 receipt # 07-298 re 5 Motion to Appear Pro Hac Vice (sdp) (Entered: 04/25/2007) |
| 04/25/2007 | | ORDER granting Peter Cummins 5 Motion to Appear Pro Hac Vice. Signed by Judge Sean J. McLaughlin on 4/25/07. Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter. (nk) (Entered: 04/25/2007) |
| 05/11/2007 | 7 | Stipulation for Extension of Time to Answer by TEXAS ROADHOUSE, INC. Answer due from TEXAS ROADHOUSE, INC. on 5/31/2007. (Delaney, W.) (Entered: 05/11/2007) |
| 05/14/2007 | | Update Answer Deadline: Answer due from TEXAS ROADHOUSE, INC. (sdp) (Entered: 05/14/2007) |
| 05/14/2007 | | Update Answer Deadline: Answer due from TEXAS ROADHOUSE, INC. (nk) (Entered: 05/14/2007) |
| 05/31/2007 | 8 | ANSWER to Complaint by TEXAS ROADHOUSE, INC..(Delaney, W.) |

| | | (Entered: 05/31/2007) |
|---|---|---|
| 05/31/2007 | 9 | PRELIMINARY SCHEDULING ORDER; Rule 26 Meeting Report due by 6/12/2007; Joint Proposed Discovery due by 7/3/2007. Case Management set for 7/26/2007 at 11:00 AM in Courtroom C before Sean J. McLaughlin. Signed by Judge Sean J. McLaughlin on 5/31/07. (nk) (Entered: 05/31/2007) |
| 06/01/2007 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE. re 8 Answer to Complaint ERROR: Party did not file disclosure statement as required pursuant L.R. 7.1.1 CORRECTION: Attorney advised to file statement within 7 days. This message is for informational purposes only. Disclosure Statement due by 6/12/2007. (sdp) (Entered: 06/01/2007) |
| 06/05/2007 | 10 | Disclosure Statement identifying None as Corporate Parent, by TEXAS ROADHOUSE, INC.. (Delaney, W.) (Entered: 06/05/2007) |
| 06/28/2007 | 11 | MOTION for Extension of Time to File *Motion for Class Certification* by NICHOLE M. EHRHEART. (Attachments: # 1 Proposed Order)(Lynch, Gary) (Entered: 06/28/2007) |
| 07/02/2007 | 12 | ORDER granting 11 Motion for Extension of Time deadline for the filing of Plaintiff's motion for class certification be set at the initial case management conference. Signed by Judge Sean J. McLaughlin on 7/2/07. (nk) (Entered: 07/02/2007) |
| 07/05/2007 | 13 | REPORT of Rule 26(f) Planning Meeting. (Delaney, W.) (Entered: 07/05/2007) |
| 07/26/2007 | | Minute Entry for proceedings held before Judge Sean J. McLaughlin : Case Management Conference held on 7/26/2007. No case management deadlines given at this conference; Counsel to notify Court within 75 days as to settlement by using mediation. Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter (Court Reporter Ron Bench.) (nk) (Entered: 07/26/2007) |
| 10/05/2007 | 14 | MOTION to Stay by TEXAS ROADHOUSE, INC.. (Attachments: # 1 Proposed Order)(Delaney, W.) (Entered: 10/05/2007) |
| 10/09/2007 | 15 | ORDER granting 14 Motion to Stay. Counsel will notify Court on or before 12/5/07 as to settlement. Signed by Judge Sean J. McLaughlin on 10/9/07. (nk) (Entered: 10/09/2007) |
| 12/20/2007 | 16 | MOTION to Transfer Case by TEXAS ROADHOUSE, INC.. (Attachments: # 1 Proposed Order) (Delaney, W.) (Entered: 12/20/2007) |
| 12/20/2007 | 17 | BRIEF in Support re 16 MOTION to Transfer Case filed by TEXAS ROADHOUSE, INC.. (Delaney, W.) (Entered: 12/20/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/21/2007 09:17:19 | | |
| PACER Login: | gl0398 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:07-cv-00054-SJM |

| Billable Pages: | 2 | Cost: | 0.16 |

4

# <u>Exhibit 2</u>

*PH*

IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 2 0 2007
JuL 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MARIO ALIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | |
| | 07cv4108 |
| **TEXAS ROADHOUSE HOLDINGS LLC**, | JUDGE NORGLE |
| a Kentucky limited liability company, | MAG. JUDGE BROWN |
| individually, and d/b/a TEXAS ROADHOUSE; | |
| **TEXAS ROADHOUSE, INC.**, a Delaware, | ) |
| corporation, individually, and d/b/a TEXAS | ) |
| ROADHOUSE; and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    Plaintiff brings this action to secure redress for the violation by Defendants of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.    One provision of FACTA, codified as 15 U.S.C. §1681c(g)(1), provides that:

> **. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**
> 15 U.S.C. §1681c(g)(1).

3.    The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendants have willfully violated this law and failed to protect Plaintiff, and others similarly situated, against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4.      Plaintiff brings this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681, *et seq*. Plaintiff seeks statutory damages, attorney's fees, and costs.

## PARTIES

5.      At all relevant times, Plaintiff MARIO ALIANO was a resident of Illinois.

6.      At all relevant times, Defendant TEXAS ROADHOUSE HOLDINGS LLC ("HOLDINGS") was a Kentucky limited liability company that upon information and belief owned, controlled, operated, managed and did business as "Texas Roadhouse," located at various places nationwide, including at 3151 Tonti Drive, Joliet, Illinois.

7.      At all relevant times, Defendant TEXAS ROADHOUSE, INC. ("ROADHOUSE") was a Delaware corporation that upon information and belief owned, controlled, operated, managed and did business as "Texas Roadhouse," located at various places nationwide, including at 3151 Tonti Drive, Joliet, Illinois.

8.      At all relevant times, Defendants HOLDINGS and ROADHOUSE were persons that accept credit cards or debit cards for the transaction of business within the meaning of FACTA.

9.      Defendants Does 1-10 are individual officers, directors, employees and agents of Defendants who authorized, directed or participated in the violations of law complained of. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

11.     Venue in this District is proper because Defendants transact business in the District and are deemed to reside here.

2.

## FACTS

12.    On July 15, 2007, Plaintiff received from Defendants at their establishment located at 3151 Tonti Drive, Joliet, Illinois, a computer-generated cash register receipt which displayed Plaintiff's credit card expiration date.

13.    On information and belief, it is possible for thieves to replicate a credit card number using the expiration date and the last four digits of the card number.

## CLASS ALLEGATIONS

14.    Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(3).

15.    The class is defined as all persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

16.    The class is so numerous that joinder of all individual members in one action would be impracticable.

17.    Upon information and belief, there are over 100 persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

18.    Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

-3-

19.    There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

a.    Whether Defendants had a practice of providing customers with a sales or transaction receipt on which Defendants printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

b.    Whether Defendants thereby violated FACTA;

c.    Whether Defendants' conduct was willful;

d.    Identification and involvement of the Doe Defendants.

20.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

21.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

22.    Defendants violated 15 U.S.C. §1681c(g)(1), which provides, in relevant part, that:

> **. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**
> 15 U.S.C. §1681c(g)(1).

23.    With respect to machines that were first put into after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §168lc(g)(1).

24.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

25.    Defendants accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

26.    After the effective date of the statute, Defendants, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically printed receipts on each of which Defendants printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

27.    FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

28.    On information and belief, Defendants knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

29.    On information and belief, VISA, MasterCard, the PCI Security Standards Council - -a consortium founded by VISA, MasterCard, Discover, American Express and JCB — companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendants need to comply with the same.

30.    The requirement was widely publicized among retailers.

31.    Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming

5

their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

32.    Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

a.    For statutory damages of $100 to $1,000 per violation;

b.    For attorney's fees, litigation expenses and costs;

c.    For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Plaintiff MARIO ALIANO, individually, and on behalf of all others similarly situated,

By: _____
    Thomas A. Zimmerman, Jr.
    Hugh J. Green
    ZIMMERMAN AND ASSOCIATES, P.C.
    100 West Monroe, Suite 1300
    Chicago, Illinois 60603
    (312) 440-0020
    Attorney No. 6231944

Counsel for the Plaintiff and Class

6

### United States District Court
### Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07-cv-04108

Aliano v. Texas Roadhouse Holdings LLC et al
Assigned to: Honorable Charles R. Norgle, Sr
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 07/20/2007
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Mario Aliano**                      represented by  **Hugh J. Green**
Zimmerman Law Offices, P.C.
100 W. Monroe Street
Suite 1300
Chicago, IL 60603
(312) 440-0020
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Zimmerman, Jr.**
Zimmerman Law Offices, P.C.
100 West Monroe
Suite 1300
Chicago, IL 60603
(312)440-0020
Email: tom@attorneyzim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Texas Roadhouse Holdings LLC**      represented by  **Richard Michael Hoffman**
*a Kentucky limited liability company,*                Wildman, Harrold, Allen & Dixon
*individuallly*                                        225 West Wacker Drive
*doing business as*                                    Suite 3000
Texas Roadhouse                                        Chicago, IL 60606-1229
(312) 201-2000
Email: hoffman@wildmanharrold.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine K. Ivers**
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Suite 3000
Chicago, IL 60606-1229
(312)201-2927
Email: ivers@wildmanharrold.com

1

*ATTORNEY TO BE NOTICED*

**Peter M. Cummins**
Frost Brown Todd LLC
400 West Market Street
32nd Floor
Louisville, KY 40202
502 779 8190
Email: pcummins@fbtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Texas Roadhouse, Inc.**                    represented by **Richard Michael Hoffman**
*a Delaware, corporation, individually*                (See above for address)
*doing business as*                                    *LEAD ATTORNEY*
Texas Roadhouse                                        *ATTORNEY TO BE NOTICED*

**Katherine K. Ivers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter M. Cummins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2007 | 1 | COMPLAINT filed by Mario Aliano; Jury Demand.(hp, ) (Entered: 07/24/2007) |
| 07/20/2007 | 2 | CIVIL Cover Sheet (hp, ) (Entered: 07/24/2007) |
| 07/20/2007 | 3 | ATTORNEY Appearance for Plaintiff Mario Aliano by Hugh J. Green (hp, ) (Entered: 07/24/2007) |
| 07/20/2007 | 4 | ATTORNEY Appearance for Plaintiff Mario Aliano by Thomas A. Zimmerman, Jr (hp, ) (Entered: 07/24/2007) |
| 08/23/2007 | 6 | WAIVER OF SERVICE returned executed by Mario Aliano. Texas Roadhouse Holdings LLC waiver sent on 7/24/2007, answer due 9/24/2007. (Zimmerman, Thomas) (Entered: 08/23/2007) |
| 08/23/2007 | 7 | WAIVER OF SERVICE returned executed by Mario Aliano. Texas Roadhouse, Inc. waiver sent on 7/24/2007, answer due 9/24/2007. (Zimmerman, Thomas) (Entered: 08/23/2007) |
| 09/21/2007 | 8 | ATTORNEY Appearance for Defendants Texas Roadhouse Holdings LLC, Texas Roadhouse, Inc. by Katherine K. Ivers (Ivers, Katherine) (Entered: 09/21/2007) |
| 09/21/2007 | 9 | ATTORNEY Appearance for Defendants Texas Roadhouse Holdings LLC, Texas Roadhouse, Inc. by Richard Michael Hoffman (Hoffman, Richard) |

| | | (Entered: 09/21/2007) |
|---|---|---|
| 09/21/2007 | 10 | STIPULATION *for Enlargement of Time for Defendants to Respond to the Complaint.* (Hoffman, Richard) (Entered: 09/21/2007) |
| 09/21/2007 | 11 | MINUTE entry before Judge Charles R. Norgle Sr.: Stipulation for Enlargement of time for defendants to respond to the complaint 10 is granted. Defendants shall answer or otherwise plead on or before October 22,2007. mailed notice (vcf, ) (Entered: 09/25/2007) |
| 10/22/2007 | 12 | ANSWER to Complaint by Texas Roadhouse Holdings LLC (Attachments: # 1 Certificate of Service)(Hoffman, Richard) (Entered: 10/22/2007) |
| 10/22/2007 | 13 | STIPULATION of Dismissal *without Prejudice* (Hoffman, Richard) (Entered: 10/22/2007) |
| 10/29/2007 | 15 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Texas Roadhouse Holdings LLC, Texas Roadhouse, Inc. by Peter M. Cummins; Order entered granting leave by Judge Charles R. Norgle Sr.. Filing fee $ 100 paid, receipt number 106190505 (vmj, ) (Entered: 11/02/2007) |
| 11/01/2007 | 14 | 7.1 STATEMENT by Texas Roadhouse Holdings LLC (Hoffman, Richard) (Entered: 11/01/2007) |
| 11/27/2007 | 16 | Notice of Change of Firm Name by Mario Aliano (Zimmerman, Thomas) (Entered: 11/27/2007) |
| 12/19/2007 | 17 | MOTION by Defendant Texas Roadhouse Holdings LLC to change venue *Pursuant to 28 U.S.C. § 1404(A)* (Attachments: # 1 Certificate of Service) (Hoffman, Richard) (Entered: 12/19/2007) |
| 12/19/2007 | 18 | MEMORANDUM by Texas Roadhouse Holdings LLC in support of motion to change venue 17 *Pursuant to 28 U.S.C. § 1404(A)* (Attachments: # 1 Exhibit A-Declaration of Sheila C. Brown# 2 Exhibit B-Declaration of William Kent# 3 Certificate of Service)(Hoffman, Richard) (Entered: 12/19/2007) |
| 12/19/2007 | 19 | NOTICE of Motion by Richard Michael Hoffman for presentment of motion to change venue 17 before Honorable Charles R. Norgle Sr. on 12/28/2007 at 10:30 AM. (Attachments: # 1 Certificate of Service)(Hoffman, Richard) (Entered: 12/19/2007) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/21/2007 08:15:15 | | |
| PACER Login: | gl0398 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-04108 |
| Billable Pages: | 2 | Cost: | 0.16 |

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re Texas Roadhouse FACTA Litigation      MDL  No._____**

## PROOF OF SERVICE

I hereby certify that an original, 4 paper copies, and an electronic copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by Overnight Mail on December 21, 2007, to the following:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by First Class Mail on December 21, 2007, to the following:

Office of the Clerk of Court
United States District Court for the Northern District of Illinois
Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604

Office of the Clerk of Court
United States District Court for the Western District of Pennsylvania
Erie Division
17 South Park Row
Erie, PA 16501


Hugh J. Green
Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, PC
100 W. Monroe Street
Suite 1300
Chicago, IL 60603
**Counsel for Plaintiff Mario Aliano, N.D. Illinois, No. 1:07-cv-04108**


Peter M. Cummins
Frost Brown Todd, LLC
400 West Market Street
32nd Floor
Louisville, KY 40202
**Counsel for Defendant, N.D. Illinois, No. 1:07-cv-04108; and W.D. Pennsylvania, No. 1:07-cv-00054**


Richard Michael Hoffman
Katherine K. Ivers
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Suite 3000
Chicago, IL 60606-1229
**Counsel for Defendant, N.D. Illinois, No. 1:07-cv-04108**


W. Patrick Delaney
MacDonald, Illig, Jones & Britton
100 State Street
Suite 700
Erie, PA 16507-1459
**Counsel for Defendant, W.D. Pennsylvania, No. 1:07-cv-00054**

Gary F. Lynch
PA I.D. 56887
glynch@carlsonlynch.com
R. Bruce Carlson
PA I.D. 56657
bcarlson@carlsonlynch.com
CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(P) (724) 656-1555
(F) (724) 656-1556

**Counsel for Plaintiff Nichole M. Ehrheart**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION**

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No.07-cv-00054 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2008, upon consideration of

Plaintiff's Motion to Stay All Proceedings and of all filings related thereto, it is hereby

ORDERED, ADJUDGED, and DECREED that the Motion is GRANTED.  These proceedings

are STAYED pending resolution of the Motion for Transfer and Coordination Pursuant to 28

U.S.C. §1407 submitted to the Judicial Panel on Multidistrict Litigation.  No party shall be

permitted, or required, to file any pleading or motion, or to conduct discovery during this stay.


BY THE COURT:


_____
Honorable Sean J. McLaughlin