**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION**

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No.07-cv-00054 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | Honorable Sean J. McLaughlin |
| v. | ) ) | |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, | ) ) ) | **Electronically Filed** |
| Defendants. | ) ) | |

## PLAINTIFFS' OPPOSITION TO SECTION 1404 TRANSFER

Defendant moved this Court, pursuant to 28 U.S.C. §1404, to transfer this action to the United States District Court for the Western District of Kentucky.  28 U.S.C. §1404(a) provides that:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The primary, if not only, basis for Defendant's request is that Defendant is headquartered in Louisville, Kentucky.

Subsequently, Plaintiff filed a Motion to Centralize for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. §1407 with the Judicial Panel on Multidistrict Litigation ("MDL Panel").  Plaintiff requested that the MDL Panel transfer her case to the Northern District of Illinois for coordination and consolidation with a virtually identical case ("Illinois Action").

On January 9, 2008, Defendant filed a Motion to Stay MDL Proceedings pending this Court's decision of Defendant's previously filed Motion to Transfer Pursuant to 28 U.S.C.

§1404.  A copy of Defendant's Motion to Stay MDL Proceedings is attached hereto as Exhibit 1.

On January 10, 2008, the MDL Panel denied that motion.  A copy of the MDL Panel's denial is

attached hereto as Exhibit 2.

The MDL Panel has made it clear that, consistent with its statutory mandate under 28

U.S.C. §1407, it intends to decide whether this action and the Illinois Action will be coordinated

and consolidated, and, if so, where.  Accordingly, Plaintiff respectfully suggests that this Court

should await the MDL Panel's decision regarding consolidation/coordination before considering

Defendant's motion to transfer.  In any event, however, and even if the MDL Panel decides

against consolidation/coordination, Defendant's motion to transfer should be denied.  The only

basis for Defendant's motion is that it is headquartered in Kentucky.  If that alone was sufficient

basis for transfer under Section 1404, no Defendant could ever be sued anywhere but the district

court where it was headquartered.

For these reasons, Plaintiff respectfully requests that Defendant's motion be

denied.

Respectfully submitted, this 15th day of January, 2008.


/s/ Gary F. Lynch_____
Gary F. Lynch, Esquire
PA ID 56887
glynch@carlsonlynch.com
R. Bruce Carlson, Esquire
PA ID 56657
bcarlson@carlsonlynch.com
CARLSON LYNCH LTD
36 N. Jefferson Street
PO Box 7635
New Castle, PA  16107
(P) 724-656-1555
(F) 724-656-1556

# EXHIBIT 1

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**IN RE:**

**Texas Roadhouse Fair and**       **MDL No. 1927**
**Accurate Credit Transactions Act**
**(FACTA) Litigation**

## MOTION TO STAY MDL PROCEEDINGS PENDING RESOLUTION OF PREVIOUSLY FILED MOTIONS TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Defendants Texas Roadhouse, Inc. and Texas Roadhouse Holdings LLC[1] hereby move the Panel to stay these MDL proceedings pending the resolution by the United States District Courts for the Northern District of Illinois and the Western District of Pennsylvania of Texas Roadhouse's previously filed Motions to Transfer pursuant to 28 U.S.C. § 1404 (herein, the "§ 1404 Motions"). In support of this Motion, Texas Roadhouse states:

1.      Texas Roadhouse Holdings LLC owns and/or operates more than 200 restaurants in 38 states under the name Texas Roadhouse. Texas Roadhouse, Inc. is a publicly-traded holding company of which Texas Roadhouse Holdings LLC is a wholly-owned subsidiary.

2.      Texas Roadhouse, Inc. is the sole Defendant in the action styled *Ehrheart v. Texas Roadhouse, Inc.*, No. 1:07-00054 (W.D. Pa. – Erie Division), the "Pennsylvania Action" in

---

[1] Texas Roadhouse, Inc. and Texas Roadhouse Holdings LLC will hereafter be collectively referred to in the singular as "Texas Roadhouse."

1

which Plaintiff seeks a transfer to the Northern District of Illinois for pretrial purposes pursuant to 28 U.S.C. § 1407.

3. Texas Roadhouse Holdings LLC is the sole Defendant in the action styled *Aliano v. Texas Roadhouse Holdings LLC*, No. 1:07-04108 (N.D. Ill. – Eastern Division), the "Illinois Action" with which the Pennsylvania Plaintiff seeks to consolidate the Pennsylvania Action.

4. Both the Pennsylvania Action and the Illinois Action similarly allege on behalf of an identical proposed nationwide class Texas Roadhouse's willful violation of the Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681 *et seq.*("FACTA").

5. Both the Pennsylvania Action and the Illinois Action are in their procedural infancy, as a Scheduling Order has not been entered in either case, and consequently the parties have not yet begun discovery.

6. On December 19, 2007 Texas Roadhouse Holdings LLC filed a § 1404 Motion in the Illinois Action, requesting that Court to transfer the Illinois Action to the Western District of Kentucky. By order of that Court, the Illinois Plaintiff's response to that Motion must be filed by January 11, 2008.

7. On December 20, 2007 Texas Roadhouse, Inc. filed a substantially identical § 1404 Motion in the Pennsylvania Action, requesting that Court to transfer the Pennsylvania Action to the Western District of Kentucky. By order of that Court, the Pennsylvania Plaintiff's response to that Motion must be filed by January 15, 2008.

8. Texas Roadhouse's § 1404 Motions seek the transfer of both actions for all purposes, including trial, to the Western District of Kentucky because the convenience of the parties and witnesses and the interests of justice favor the resolution of this litigation in that district. Specifically and among other things, Texas Roadhouse is headquartered in Louisville, Kentucky, and its employees who are potential witnesses in this litigation – those employees

who control its point of sale ("POS") system and who are responsible for its compliance with statutory, contractual, and industry-imposed POS system requirements – are all located in Louisville. Texas Roadhouse's documents relating to its POS systems, their programming, Texas Roadhouse's POS security and compliance efforts, and Texas Roadhouse's dealings with its POS software vendors are also located at Texas Roadhouse's Louisville, Kentucky headquarters.

9.      On December 21, 2007, just one day after Texas Roadhouse, Inc. filed its § 1404 Motion in the Pennsylvania Action, the Pennsylvania Plaintiff filed a Motion to Transfer with this Panel pursuant to 28 U.S.C. § 1407. In its Motion to Transfer, the Pennsylvania Plaintiff acknowledged that consolidation of these actions is appropriate but made no mention whatsoever of Texas Roadhouse's previously filed § 1404 Motions. Instead, the Pennsylvania Plaintiff contends that consolidation for pretrial purposes pursuant to § 1407 is appropriate in the Northern District of Illinois. This position ignores the substantial connections these actions have to the Western District of Kentucky, the lack of any substantial connection between this litigation and the Northern District of Illinois, and the efficiency that one trial of these two identical nationwide class actions that § 1404 affords.

10.      On January 8, 2008, the Pennsylvania Plaintiff filed a Motion to Stay All Proceedings in the Pennsylvania Action. Just as her Motion to Transfer filed with this Panel made no mention of the § 1404 Motions, the Pennsylvania Plaintiff's Motion to Stay filed in the Pennsylvania Action omits any reference to the difference between the relief sought by Texas Roadhouse pursuant to § 1404 and the relief she seeks pursuant to § 1407. The Court has taken no action on that motion, and Texas Roadhouse intends to oppose it.

11.      This Panel should stay its consideration of this matter pending the resolution of Texas Roadhouse's § 1404 Motions because among other things, judicial economy supports the

requested stay, there will be no prejudice to any parties if the Panel grants the stay, there is a risk of substantial prejudice to Texas Roadhouse if the stay is not granted, and the circumstances present in this litigation favor a transfer for all purposes to the Western District of Kentucky pursuant to § 1404, as opposed to a limited transfer to the Northern District of Illinois for pretrial purposes pursuant to § 1407.

Texas Roadhouse makes this Motion pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and respectfully requests that the Clerk of the Panel designate this pleading as a motion that "adds an action" and distribute a briefing schedule to all parties in the docket pursuant to Rule 7.2(h) of the Panel Rules.

The grounds for this Motion are set forth more completely in Texas Roadhouse's Memorandum of Law in Support, filed separately herewith.

Dated:  January 9, 2008                    Respectfully submitted,


Peter M. Cummins, Esq.
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
Telephone:(502) 589-5400
Facsimile: (502) 581-1087
E-mail:     pcummins@fbtlaw.com

*Counsel for Defendants*
*Texas Roadhouse, Inc. and*
*Texas Roadhouse Holdings LLC*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE:

**Texas Roadhouse Fair and**       **MDL No. 1927**
**Accurate Credit Transactions Act**
**(FACTA) Litigation**

**SCHEDULE OF ACTIONS**

| **CASE CAPTION** | **COURT** | **CIVIL ACTION NO.** | **JUDGE** |
|---|---|---|---|
| Nichole M. Ehrheart v. Texas Roadhouse, Inc. | W.D. Pennsylvania (Erie) | 1:07-cv-00054 | Sean J. McLaughlin |
| Mario Aliano v. Texas Roadhouse Holdings, LLC and Texas Roadhouse, Inc. | N.D. Illinois (Chicago) | 1:07-cv-04108 | Charles R. Norgle. Sr. |

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

    **Texas Roadhouse Fair and**            **MDL No. 1927**
    **Accurate Credit Transactions Act**
    **(FACTA) Litigation**

## PROOF OF SERVICE

I hereby certify that the original and four copies, along with a computer generated disk of the pleading in Adobe Acrobat (PDF) format, of the foregoing Motion to Stay MDL Proceedings Pending Resolution of Previously Filed Motions to Transfer Pursuant to 28 U.S.C. § 1404, Schedule of Actions and this Proof of Service were served by overnight UPS delivery on January 9, 2008 upon the following:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

I hereby further certify that copies of the foregoing Motion to Stay MDL Proceedings Pending Resolution of Previously Filed Motions to Transfer Pursuant to 28 U.S.C. § 1404, Schedule of Actions and this Proof of Service were served by overnight UPS delivery on January 9, 2008 upon the following:

Gary F. Lynch
R. Bruce Carlson
Carlson Lynch Ltd.
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107

*Counsel for Plaintiff Nichole Ehrheart, W.D. Pennsylvania, No. 1:07-cv-00054*

Hugh J. Green
Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, PC
100 W. Monroe Street, Ste. 1300
Chicago, IL 60603

*Counsel for Plaintiff Mariano Aliano, N.D. Illinois, No. 1:07-cv-04108*

W. Patrick Delaney
MacDonald, Illig, Jones & Britton
100 State Street, Ste. 700
Erie, PA 16507-1459

*Co-Counsel for Defendants, , W.D. Pennsylvania, No. 1:07-cv-00054*

Richard M. Hoffman
Katherine K. Ivers
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Ste. 3000
Chicago, IL 60606-1229

*Co-Counsel for Defendants, N.D. Illinois, No. 1:07-cv-04108*

Peter M. Cummins, Esq.
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
Telephone:(502) 589-5400
Facsimile: (502) 581-1087
E-mail:   pcummins@fbtlaw.com

*Counsel for Defendants*
*Texas Roadhouse, Inc. and*
*Texas Roadhouse Holdings LLC*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

Texas Roadhouse Fair and      MDL No. 1927
Accurate Credit Transactions Act
(FACTA) Litigation

### MEMORANDUM IN SUPPORT OF MOTION TO STAY
### MDL PROCEEDINGS PENDING RESOLUTION OF PREVIOUSLY
### FILED MOTIONS TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

28 U.S.C. §§ 1404 and 1407, together, seek to achieve the most just and efficient disposition of multidistrict litigation. The most just and efficient disposition of the two putative nationwide class actions alleging willful violations of FACTA by Texas Roadhouse[1] is their transfer pursuant to § 1404 for all purposes to the Western District of Kentucky – the district where Texas Roadhouse is headquartered and which figures to be the focal point of discovery – for consolidation before Judge Charles R. Simpson III.

These two actions should be transferred and consolidated before Judge Simpson pursuant to § 1404 as Texas Roadhouse has requested, and not to Judge Norgle of the Northern District of Illinois pursuant to § 1407, because:  (1) the focal point of discovery in both cases will be Louisville, Kentucky in that Texas Roadhouse is headquartered there and many witnesses are

---

[1] This term collectively refers to Texas Roadhouse, Inc. and Texas Roadhouse Holdings LLC.  Texas Roadhouse Holdings LLC owns and/or operates more than 200 restaurants in 38 states under the name Texas Roadhouse. *See* Declaration of Sheila C. Brown ["Brown Dec."], ¶¶ 3-6 (Exhibit A to each § 1404 Motion attached hereto as Exhibits 1 and 2).  Texas Roadhouse, Inc. is a publicly-traded holding company of which Texas Roadhouse Holdings LLC is a wholly-owned subsidiary. *Id.*

located there; (2) a transfer of the two actions pursuant to § 1404 will result in only one trial, whereas transfer pursuant to § 1407 will result in the inefficiency of virtually identical actions ultimately being tried in two different courts; and (3) while Judge Simpson is not currently presiding over a Texas Roadhouse FACTA action, he is nevertheless familiar with FACTA and the class action litigation to which it has given rise because he currently is presiding over at least one putative nationwide class action in which FACTA is alleged to have been willfully violated.[2]

Based on these factors, Texas Roadhouse moved the courts in which the two actions against it are pending to transfer the cases to the Western District of Kentucky (herein, the "§ 1404 Motions"). A copy of § 1404 Motions filed in the Illinois Action and the Pennsylvania Action are attached hereto as Exhibits 1 and 2, respectively.

One day later, on December 21, the Plaintiff in the Pennsylvania Action filed a Motion to Transfer pursuant to § 1407 with this Panel. In it, she acknowledged the wisdom of consolidation but made no mention whatsoever of Texas Roadhouse's previously filed § 1404 Motions. Instead, the Pennsylvania Plaintiff seeks consolidation for pretrial purposes only pursuant to § 1407 in the Northern District of Illinois. This position ignores both the clear connections these actions have to the Western District of Kentucky and the efficiency that one trial of these two identical nationwide class actions that § 1404 would afford. As set forth below, this Panel should stay this MDL action pending the resolution of Texas Roadhouse's first-filed § 1404 Motions by the district courts in which those actions are pending.

The Panel should grant the requested stay because in doing so, both the Panel and the parties will avoid unnecessarily expending their valuable time and resources on a matter that should more properly be transferred pursuant to § 1404.

---

[2] *Harper v. Pilot Travel Centers LLC*, 3:07-cv-00401-CRS-DW (docket sheet attached hereto as Exhibit 3).

Indeed, the Western District of Pennsylvania has already transferred pursuant to § 1404 one FACTA class action, identical to the Texas Roadhouse litigation in many respects, to the district in which the defendant is headquartered. *Klingensmith v. The Paradies Shops, Inc.*, 2007 U.S. Dist. LEXIS 51591 (W.D. Pa. July 17, 2007). If Texas Roadhouse's § 1404 Motions are granted, then the Panel will have avoided the needless use of its valuable resources by issuing the stay Texas Roadhouse seeks.

Even if the pending § 1404 Motions are denied, however, none of the parties will be prejudiced by the Panel's entry of the requested stay. The denial of a § 1404 motion to transfer does not preclude subsequent transfer pursuant to § 1407, and discovery has not even begun in either underlying action. As such, if the district courts deny the pending § 1404 Motions, the Panel can simply lift the stay that Texas Roadhouse requests, consider whether transfer pursuant to § 1407 is appropriate and, if so, determine where the two actions should be consolidated and transferred for pretrial purposes.

On the other hand, if the Panel denies Texas Roadhouse's Motion for Stay, there is a risk that Texas Roadhouse will be substantially prejudiced. If, as the Pennsylvania Plaintiff has moved, this litigation is transferred pursuant to § 1407 to the Northern District of Illinois, Texas Roadhouse will nevertheless ask that Court to transfer the actions for all purposes including trial to the Western District of Kentucky pursuant to § 1404. As such, no judicial economies will be achieved through the consolidation the Pennsylvania Plaintiff requests. If, on the other hand, this Panel transfers this litigation to the Western District of Kentucky pursuant to § 1407, then Texas Roadhouse will be precluded from having the matter ultimately tried in that district. *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26, 40-41 (1998) (transferee judge cannot transfer an MDL assignment to him or herself for trial pursuant to § 1404). So the only

3

the operation of Texas Roadhouse's point of sale ("POS") software systems, which in turn control the content of Texas Roadhouse's computer generated customer credit and debit card receipts. *See* Declaration of William Kent ["Kent Dec."], ¶¶ 3-4 (Exhibit B to each § 1404 Motion attached hereto as Exhibits 1 and 2). Not surprisingly, therefore, the Texas Roadhouse personnel responsible for the operation of Texas Roadhouse's POS system and the content of its electronically-generated customer receipts live in and around Louisville, Kentucky. *Id.,* ¶ 5. Similarly, the Texas Roadhouse personnel responsible for its compliance with statutory, contractual, and industry-imposed POS system requirements work out of Texas Roadhouse's Louisville headquarters and live in the Louisville area. *Id.,* ¶ 7. Texas Roadhouse's documents relating to its POS systems, their programming, Texas Roadhouse's POS security and compliance efforts, and Texas Roadhouse's dealings with its POS software vendors are also located at Texas Roadhouse's Louisville, Kentucky headquarters. *Id.,* ¶¶ 6, 8.

Just one day after Texas Roadhouse filed its § 1404 Motion in the Pennsylvania Action, the Pennsylvania Plaintiff filed a Motion to Transfer to this Panel pursuant to § 1407. The Motion to Transfer made no mention whatsoever of the pending § 1404 Motions, but nevertheless conceded that the two actions present common issues of law and fact. The Pennsylvania Plaintiff seeks consolidation of both actions before Judge Norgle of the Northern District of Illinois for pretrial proceedings solely because Louisville is closer to Chicago than it is to Erie, Pennsylvania. In doing so, the Pennsylvania Plaintiff ignores the fact that not only are most of the relevant fact witnesses located in Louisville, but also that Louisville is centrally located between Chicago and Erie. And the Pennsylvania Plaintiff's proposed consolidation pursuant to § 1407 is for pretrial purposes only. As such, at the conclusion of pretrial proceedings, the Pennsylvania Plaintiff suggests having two trials in two different districts over which two different judges would preside, even though the facts, claims, defenses and,

importantly, the putative plaintiff class, are identical. As discussed below, given these circumstances, transfer for all purposes pursuant to § 1404 is more just and more efficient than a limited transfer pursuant to § 1407, and this Panel should therefore enter the stay Texas Roadhouse requests so that the district courts can consider the § 1404 Motions.

## ARGUMENT

If this MDL proceeding is stayed and Texas Roadhouse's § 1404 Motions are granted, this MDL proceeding will be moot, alleviating any need for this Panel to act. *In re: Professional Hockey Antitrust Litigation*, 369 F.Supp. 1119, 1119-20 (J.P.M.L. 1974). If, on the other hand, Texas Roadhouse's § 1404 Motions are denied, this Panel can then take up the Pennsylvania Plaintiff's § 1407 Motion without any party having been prejudiced. *In re: American Financial Corp. Litigation*, 434 F.Supp. 1232, 1234 (J.P.M.L. 1977). Given the potential for conserving judicial resources and the absence of any prejudice to any party, this Panel should stay these MDL proceedings pending resolution of Texas Roadhouse's first-filed § 1404 Motions.

"Sections 1404(a), 1406(a), and 1407 are not mutually exclusive and, when appropriate, should be used in concert to effect the most expeditious disposition of multidistrict litigation." *In re Koratron Patent Litigation*, 302 F.Supp. 239, 242 (J.P.M.L. 1969). *See also In re: Grain Shipments Litigation*, 300 F.Supp. 1402, 1404 (J.P.M.L. 1969) ("Section 1407 is not the exclusive vehicle for insuring the just and efficient conduct of cases having common questions of fact and law. . . . Sections 1404(a), and 1406(a) when applicable, may be used in conjunction with or in place of Section 1407 to transfer related cases to a single court."). Here, even setting aside the clear connections between this litigation and the Western District of Kentucky and the lack of those same connections with the Northern District of Illinois discussed above, transfer pursuant to § 1404 is preferable to § 1407 for a number of reasons.

6

First, a transfer pursuant to § 1404 is the only alternative that will result in one trial to resolve this litigation. The parties agree that the claims, defenses, potential class members and material witnesses are identical. Nevertheless, the Pennsylvania Plaintiff seeks a § 1407 transfer for pretrial purposes to a district with virtually no connection to the litigation, after which both actions would be remanded to the district in which they originated for separate trials. Given the identity of the two actions, duplicative trials would be an unjust and inefficient means of disposing of this litigation. If, on the other hand, the litigation is transferred and consolidated pursuant to § 1404, only one trial will be necessary to resolve the identical claims.

Similarly, transfer pursuant to § 1404 is more appropriate than transfer pursuant to § 1407 because there are only two pending actions subject to transfer. *See In re: Multidistrict Antitrust Actions Involving the Distribution of Scotch Whiskey*, 299 F.Supp. 543, 544 (J.P.M.L. 1969) (refusing to transfer pursuant to § 1407 where only two actions were pending, neither of which were "exceptional cases sharing unusually complex questions of fact."). There are not scores of actions pending in many different districts as is often the case when consolidation by this Panel is contemplated. Indeed, the two pending actions both request the certification of the same nationwide class, so even if additional FACTA claims against Texas Roadhouse were filed, they would likely be subsumed by the pending actions.

Third, if the Panel does not stay this proceeding, Texas Roadhouse will be substantially prejudiced. No judicial economies will be realized if this litigation is transferred pursuant to § 1407 to the Northern District of Illinois – or any other district other than the Western District of Kentucky for that matter – because Texas Roadhouse will nevertheless ask that Court to transfer the actions for all purposes including trial to the Western District of Kentucky pursuant to § 1404. And if the Panel transfers this litigation to the Western District of Kentucky pursuant to § 1407, then Texas Roadhouse will be precluded from having the matter ultimately tried in

7

that district.  *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26, 40-41 (1998) (transferee judge cannot transfer an MDL assignment to him or herself for trial pursuant to § 1404).  In either scenario, Texas Roadhouse is the only party that has a risk of being prejudiced, so the only way to ensure a just and efficient resolution of this transfer issue is for this Panel to enter the stay requested by Texas Roadhouse.

To the contrary, the Panel's entry of the stay requested by Texas Roadhouse will not prejudice any of the parties.  If the stay is entered and the § 1404 Motions are ultimately denied, the Pennsylvania Plaintiff will not be precluded from seeking transfer pursuant to § 1407. *American Financial Corp. Litigation, supra*, at 1234.  Given the procedural infancy of the two actions, the slight delay while the § 1404 Motions are resolved will not delay the proceedings to such an extent that any of the parties will be prejudiced.  To the contrary, soon after the § 1404 Motions were filed, both courts set a limited briefing schedule to aid in their resolution.  Under those schedules, the plaintiff in the Illinois Action must respond to the § 1404 Motion in the that case by Friday, January 11, and the Pennsylvania Plaintiff's response to the § 1404 Motion filed in the Pennsylvania action is due on January 15.  While the Pennsylvania Plaintiff filed a Motion to Stay All Proceedings in the Pennsylvania Action on January 8, the Court has not yet taken up that matter.  As such, every indication is that Texas Roadhouse's § 1404 Motions will be resolved expeditiously.  *See, e.g.,* Western District of Pennsylvania L.R. 7.1.E. (The court shall resolve non-dispositive motions in an expedited fashion, ordinarily within 30 days, with or without oral argument and without briefs, unless briefs are required by the court.").

## CONCLUSION

This Panel has an inherent power to stay this proceeding "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  *See also* Fed. R. Civ. P. 16.  In this

instance, this Panel should exercise its power by granting the stay requested by Texas Roadhouse. If during the requested stay Texas Roadhouse's § 1404 Motions are granted, then this proceeding will be moot, whereas if they are denied, none of the parties will have been prejudiced.


Dated:  January 9, 2008                          Respectfully submitted,


                                                 Peter M. Cummins, Esq.
                                                 Frost Brown Todd LLC
                                                 400 West Market Street, 32nd Floor
                                                 Louisville, Kentucky 40202
                                                 Telephone: (502) 589-5400
                                                 Facsimile: (502) 581-1087
                                                 E-mail:     pcummins@fbtlaw.com

                                                 *Counsel for Defendants*
                                                 *Texas Roadhouse, Inc. and*
                                                 *Texas Roadhouse Holdings LLC*

LOULibrary 0005001.0549697694648v1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, | ) |
| | ) |
| Plaintiff, | ) No. 07-CV-4108 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| TEXAS ROADHOUSE HOLDINGS LLC, a | ) Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company, | ) |
| individually, and d/b/a TEXAS ROADHOUSE; | ) |
| and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

Pursuant to 28 U.S.C. § 1404(a), defendant Texas Roadhouse Holdings LLC ("Texas Roadhouse") hereby moves for entry of an Order transferring this case to the United States District Court for the Western District of Kentucky. In support of its motion, Texas Roadhouse states as follows:

1.      This is a putative class action brought under the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff alleges that Texas Roadhouse willfully violated FACTA by providing him with a computer-generated credit card receipt which displayed plaintiff's credit card expiration date at its Joliet, Illinois restaurant.

2.      As explained in detail in Texas Roadhouse's Memorandum in Support of Its Motion filed contemporaneously herewith, the convenience of the parties and the interests of justice strongly weigh in favor of transferring this case to the Western District of Kentucky. Texas Roadhouse is a Kentucky limited liability company with its principal place of business in Louisville, Kentucky. All of the relevant witnesses, except perhaps the plaintiff, live and work in the Western District of Kentucky. The vast majority of the relevant documents will also be

1839620-1



found at Texas Roadhouse's Louisville, Kentucky headquarters. Furthermore, the principal issue in this case -- whether Texas Roadhouse acted willfully in including expiration dates on guest receipts -- will depend entirely upon events that took place (or did not take place) in the Western District of Kentucky.

3.     By contrast, the only ties this case has to Illinois are that plaintiff is an Illinois resident and was provided his allegedly non-compliant receipt in Illinois. This purports to be a nationwide class action, however, and only six of Texas Roadhouse's more than 200 restaurants are located in Illinois. Thus, only approximately 3% of the likely class members reside in Illinois.

4.     Finally, a substantially similar putative class action was filed against Texas Roadhouse in the Western District of Pennsylvania four months before this case was filed. Texas Roadhouse is also moving to transfer that case to the Western District of Kentucky. If both cases are ultimately transferred, judicial economy will be served by providing the court in the Western District of Kentucky with the opportunity to consolidate or otherwise coordinate these parallel proceedings.

WHEREFORE, Texas Roadhouse prays that the Court enter an Order transferring this case pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Western District of Kentucky and that the Court grant such other relief as it deems just and proper.

**DATED:** December 19, 2007.                Respectfully submitted,

                                             **TEXAS ROADHOUSE HOLDINGS LLC**


                                             By: /s/ Richard M. Hoffman
                                                 One of Its Attorneys

Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH: (312) 201-2000
FX: (312) 201-2555

Peter M. Cummins, Esq.
FROST BROWN TODD LLC
400 West Market Street
Suite 3200
Louisville, KY 40202-3363

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIO ALIANO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-CV-4108 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| TEXAS ROADHOUSE HOLDINGS LLC, a | ) | Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company, | ) | |
| individually, and d/b/a TEXAS ROADHOUSE; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

Richard M. Hoffman, an attorney, hereby certifies that he caused a true and correct copy of the foregoing *Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* and *Defendant's Memorandum in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* to be served upon Thomas A. Zimmerman, Jr., Esq. and Hugh J. Green, ZIMMERMAN LAW OFFICES, P.C., 100 West Monroe Street, Suite 1300, Chicago, IL 60603, via electronic filing of same, on December 20, 2007.

/s/ Richard M. Hoffman
Richard M. Hoffman

Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH: (312) 201-2000
FX: (312) 201-2555

1816403-1

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, | ) |
| | ) |
| Plaintiff, | ) No. 07-CV-4108 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| TEXAS ROADHOUSE HOLDINGS LLC, a | ) Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company, | ) |
| individually, and d/b/a TEXAS ROADHOUSE; | ) |
| and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

The standards and case law governing Section 1404 transfers strongly compel transferring this putative class action to the Western District of Kentucky. Plaintiff alleges that defendant Texas Roadhouse Holdings LLC ("Texas Roadhouse") willfully issued a credit card receipt to him in violation of the Fair and Accurate Transactions Act ("FACTA"), and seeks to bring his claims on behalf of a nationwide class of allegedly similarly situated persons. Texas Roadhouse is a Kentucky limited liability company, headquartered in Louisville, Kentucky, that operates more than 200 restaurants in thirty-eight states, only six of which are in Illinois.

The central issue in this case will be whether Texas Roadhouse acted willfully in issuing receipts that included customers' expiration dates. Resolution of that issue will depend upon the knowledge, intent, and conduct of Texas Roadhouse corporate employees in its corporate offices in Louisville, Kentucky. As a result, all of the relevant witnesses, save perhaps plaintiff, reside in the Western District of Kentucky, and virtually all of the relevant documents will likely be found at Texas Roadhouse's headquarters in the Western District of Kentucky. Moreover,

Kentucky has a substantially greater interest in the resolution of this case -- which seeks to bankrupt a Kentucky company and employer -- than does Illinois. Indeed, there are virtually no facts compelling adjudication of this case in Illinois. As a result, the convenience of the parties and the interests of justice overwhelmingly weigh in favor of a transfer of this case to the Western District of Kentucky.

## BACKGROUND

Plaintiff, an Illinois resident, alleges that on July 15, 2007 Texas Roadhouse provided him with a computer-generated cash register receipt at its Joliet, Illinois restaurant and that the receipt displayed plaintiff's credit card expiration date. (Complaint, ¶¶ 5, 12) Plaintiff purports to represent a nationwide class of Texas Roadhouse customers who were allegedly provided electronically-printed receipts which displayed more than the last five digits of the customers' credit card or debit card numbers, and/or their expiration dates. (Complaint, ¶¶ 15, 17) Plaintiff, however, does not identify any of these purported class members, nor does he allege from which Texas Roadhouse restaurants these class members received their receipts. Thus, the fact that plaintiff is a resident of Illinois and that he received a receipt from a Texas Roadhouse restaurant in Illinois are the only facts connecting this case to Illinois.

Texas Roadhouse is a Kentucky limited liability company with its principal place of business located in Louisville, Kentucky. (*See* Declaration of Sheila Brown ["Brown Dec."], attached hereto as Exhibit A, ¶¶ 3, 5) Texas Roadhouse owns and operates over 200 restaurants in thirty-eight states, only six -- or approximately 3% -- of which are located in Illinois. (*Id.*, ¶ 6)

Texas Roadhouse's point of sale ("POS") software systems control the content of Texas Roadhouse's computer generated customer credit and debit card receipts. (Declaration of William Kent ["Kent Dec."], attached hereto as Exhibit B, ¶ 3) Texas Roadhouse's Information

Technology Department personnel at its headquarters in Louisville, Kentucky manage, maintain, and oversee the operation of the Texas Roadhouse POS software systems.[1]  (*Id.*, ¶ 4)  The Texas Roadhouse personnel responsible for the operation of Texas Roadhouse's POS system and the content of its electronically-generated customer receipts live in and around Louisville, Kentucky. (*Id.*, ¶ 5)  Similarly, the Texas Roadhouse personnel responsible for its compliance with statutory, contractual, and industry-imposed POS system requirements work out of Texas Roadhouse's Louisville headquarters and live in the Louisville area.  (*Id.*, ¶ 7)  Texas Roadhouse's documents relating to its POS systems, their programming, Texas Roadhouse's POS security and compliance efforts, and Texas Roadhouse's dealings with its POS software vendors are also located at Texas Roadhouse's Louisville, Kentucky headquarters.  (*Id.*, ¶¶ 6, 8)

**ARGUMENT**

**I.      THIS COURT HAS DISCRETION TO TRANSFER THIS CASE TO THE WESTERN DISTRICT OF KENTUCKY.**

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A transfer under § 1404(a) is appropriate where, as here:  (1) venue is proper both in the transferor and transferee court; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice.  *Carillo v. Darden*, 992 F. Supp. 1024, 1025 (N.D. Ill. 1998); *Von Holdt vs. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).  The determination of whether a case should be transferred pursuant to

---

[1] The employees at the individual Texas Roadhouse restaurants do not have control over the customer information printed on receipts.  (Kent Dec, ¶ 4)

§ 1404(a) is within the sound discretion of the trial court. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989)

## II.    VENUE IS PROPER IN BOTH THIS DISTRICT AND THE WESTERN DISTRICT OF KENTUCKY.

Plaintiff alleges, and Texas Roadhouse does not dispute, that venue is proper in this District. (Complaint, ¶ 11; Answer, ¶ 11) Venue is also proper in the Western District of Kentucky.

In a civil action such as this, where jurisdiction is founded on a federal question, venue is proper in the judicial district where any defendant resides, if all defendants reside in the same state. 28 U.S.C. § 1391(b). A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Texas Roadhouse is subject to personal jurisdiction in the Western District of Kentucky because it owns and operates restaurants in the Western District of Kentucky and because its corporate headquarters are located in the Western District of Kentucky. *See* KRS § 454.210; Brown Dec., ¶ 5. Texas Roadhouse is thus deemed to reside in the Western District of Kentucky, and venue is proper in that District.

Venue is also proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged occurred in the Western District of Kentucky. 28 U.S.C. § 1391(b)(2). Plaintiff's claims are based on Texas Roadhouse's allegedly willful inclusion of his credit card expiration date on his receipt. (Complaint, ¶ 12) The Texas Roadhouse corporate employees responsible for managing the restaurant POS software that controls what information is printed on customer credit and debit card receipts work in Texas Roadhouse's corporate headquarters in Louisville, Kentucky. (Kent Dec., ¶ 4) The Texas Roadhouse personnel responsible for ensuring

compliance with POS software regulations and requirements also operate out of the corporate headquarters in Louisville, Kentucky. (*Id.*, ¶ 7) While plaintiff's receipt may have been issued in Illinois, the formatting of that receipt took place in the Western District of Kentucky, making venue proper in that District.

## III. THE CONVENIENCE OF THE PARTIES AND WITNESSES STRONGLY FAVORS TRANSFERRING THIS CASE TO THE WESTERN DISTRICT OF KENTUCKY.

In evaluating the convenience of the parties and witnesses for purposes of a Section 1404 transfer motion, courts consider: (1) the plaintiffs' choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Carillo*, 992 F. Supp. at 1026; *Von Holdt*, 887 F. Supp. at 188. In this case, these factors weigh heavily in favor of transfer to the Western District of Kentucky.

### A. Plaintiff's Choice of Forum is Entitled to Virtually No Weight.

The Northern District of Illinois is plaintiff's chosen forum. Yet, where the plaintiff purports to bring his claims on behalf of a nationwide class, **plaintiff's choice of forum is accorded virtually no weight**. *See Georgouses v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) ("because plaintiff alleges a class action, plaintiff's home forum is irrelevant"); *Morris v. American Bioscience, Inc.*, 2004 U.S. Dist. LEXIS 22274, *6-7 (N.D. Ill. Nov. 3, 2004) (plaintiff's choice of forum not a substantial factor where plaintiff alleged that "hundreds or thousands" of others around the country were similarly injured). For example, in *Klingensmith v. The Paradies Shops, Inc.* 2007 U.S. Dist. LEXIS 51591 (W.D. Pa. July 17, 2007), a putative FACTA class action, the court granted the defendant's transfer motion and, in

doing so, found that the putative class representative's choice of forum was entitled to little weight:

> I find that Klingensmith's and Kelly's choice of forum is entitled to even less deference here where the Paradies shops are located nationwide. There is every expectation that there will be more plaintiffs residing outside of Pennsylvania than within and that more causes of action will have arisen outside of Pennsylvania than within. Paradies has submitted evidence indicating that its shop located within this forum accounts for less than 10% of its business . . . Accordingly, more than 90% of the causes of action (and thus possibly plaintiffs) arose somewhere other than this forum. Further, despite that Klingensmith and Kelly have expressed a preference for litigation in Pennsylvania, there is no indication that their role will be anything more than nominal in nature. The focus of the litigation will be on Paradies' actions, not on any class member's actions.

2007 U.S. Dist. LEXIS 51591 at *7-8.

Here, plaintiff seeks to represent a nationwide class of customers who allegedly received non-compliant receipts from Texas Roadhouse restaurants in thirty-eight states. Only six of Texas Roadhouse's more than 200 restaurants, or about 3% of all Texas Roadhouse restaurants, are located in Illinois. (Brown Dec., ¶ 6) Moreover, plaintiff is not the only, or the first, Texas Roadhouse customer to bring a putative class action against Texas Roadhouse alleging FACTA violations; a substantially identical claim was brought in the United States District Court for the Western District of Pennsylvania on March 26, 2007.[2] As in *Klingensmith,* because the vast majority of the class resides outside Illinois, this factor should be accorded little or no weight.

### B.    The Situs of Material Events is in the Western District of Kentucky.

When considering a motion to transfer, courts must determine whether a lawsuit has any material relationship to the district in which it is brought.  *QSN Indus., Inc. v. Sanderson,* 1995

---

[2] *Ehrheart v. Texas Roadhouse, Inc., et al.,* Case No. 07-54.  Texas Roadhouse has also moved to transfer the Pennsylvania case to the Western District of Kentucky.

U.S. Dist. LEXIS 18446, *13-14 (N.D. Ill. Dec. 13, 1995). Where no such relationship exists, transfer is appropriate. *See Morris,* 2004 U.S. Dist. LEXIS 22274 at *8 ("because the material events occurred in the Central District of California, this factor weighs heavily in favor of transfer"); *Carillo,* 992 F. Supp. at 1026 (court transferred case to the Central District of Illinois because plaintiff's entire claim was based on alleged incidents that occurred in the Central District and had little connection with this District).

While plaintiff was issued a receipt by Texas Roadhouse in Illinois that he alleges violated FACTA, he also alleges that other similarly situated persons throughout the country were issued receipts that violated FACTA. (Complaint, ¶¶ 12, 15-17) Indeed, Texas Roadhouse's POS systems are generally programmed uniformly for its restaurants throughout the 38 states in which it operates. (Kent Dec., ¶ 9) Thus, Illinois' ties to this case are no greater than those of 37 other states.

Kentucky, on the other hand, is the situs of the events material to plaintiff's claims. In order to prevail on his claim, plaintiff must establish that Texas Roadhouse issued receipts that violated FACTA, and that it did so willfully. Whether Texas Roadhouse acted willfully will depend on the knowledge, intent, actions, and/or inactions of the Texas Roadhouse personnel in its Louisville headquarters responsible for the programming, management, and oversight of Texas Roadhouse's POS system and for Texas Roadhouse's efforts to comply with its statutory, contractual and industry-imposed POS requirements. (Kent Dec., ¶¶ 4, 7) *Klingensmith,* 2007 U.S. Dist. LEXIS 51591 at *8. As a result, this factor weighs heavily in favor of a transfer to the Western District of Kentucky. *Georgouses,* 963 F. Supp. at 731.

## C.    The Relevant Sources of Proof and Witnesses are in the Western District of Kentucky.

The sources of proof in this case are also located in the Western District of Kentucky.

To determine whether Texas Roadhouse acted willfully, the Court will likely need to consider

evidence regarding:

- What, if anything, Texas Roadhouse personnel involved in the programming of its POS systems knew about FACTA, and when;

- What steps Texas Roadhouse took to comply with its statutory, contractual, and/or industry-mandated POS system requirements, including the requirements imposed by FACTA;

- The reason Texas Roadhouse allegedly printed non-FACTA compliant receipts;

- When Texas Roadhouse first became aware of the problem which lead to the printing of plaintiff's allegedly non-compliant receipt; and

- What steps Texas Roadhouse took after it became aware of its alleged non-compliance, and when.

The evidence relating to all of these factors can be found in Kentucky.

The POS system software that determines the content of Texas Roadhouse's customer

receipts is managed by Texas Roadhouse employees working out of its Louisville, Kentucky

headquarters. (Kent Dec., ¶¶ 3-4) The Texas Roadhouse personnel with knowledge of its POS

system and, in particular, of the programming with respect to the content of customer receipts

and their relevant files are located in Texas Roadhouse's Louisville, Kentucky headquarters.

(*Id.,* ¶¶ 4, 6) The Texas Roadhouse personnel responsible for monitoring and ensuring Texas

Roadhouse's compliance with statutory, contractual, and industry POS requirements also operate

out of the corporate headquarters in Louisville, Kentucky. (*Id.,* ¶ 7) Texas Roadhouse restaurant

employees across the country do not determine what information is printed on customer receipts

and have no responsibility for monitoring POS system requirements. (*Id.,* ¶ 4)

By comparison, plaintiff is the only likely witness located in Illinois, and his knowledge and testimony likely will be limited to the transaction in which he received the receipt which is the subject of his claim and questions relating to whether a class should be certified. Because the vast majority of the likely witnesses and the relevant documentation regarding the Texas Roadhouse POS systems and the printing of expiration dates on receipts are located in the Western District of Kentucky, this factor also weighs heavily in favor of a transfer. *See, e.g., Carillo,* 992 F. Supp. at 1026; *Georgouses,* 963 F. Supp. at 730.

### D.   The Convenience of the Parties Weighs in Favor of a Transfer.

For the same reasons, the convenience of the parties also weighs in favor of a transfer to the Western District of Kentucky. Several of Texas Roadhouse's key employees are likely to be critical witnesses at trial. The distraction this case creates for Texas Roadhouse's business operations will only be magnified by requiring its key personnel to participate in trial and pre-trial proceedings out of state. (Kent Dec., ¶ 10)

By comparison, while plaintiff will no doubt argue that this District is more convenient for him, any potential inconvenience that would be imposed by a transfer is relatively minor. Indeed, as the court in *Klingensmith* found, the role of a class plaintiff in these FACTA cases is "nominal." *Klingensmith,* 2007 U.S. Dist. LEXIS 51591 at *7.[3] The burden on Texas Roadhouse more than outweighs any alleged burden on plaintiff.

---

[3] Convenience of counsel is not a factor to be considered. *Von Holdt,* 887 F. Supp. at 190.

## E.    Transfer to the Western District of Kentucky Would Further the Interest of Justice.

In addition to weighing private interests, courts must consider whether the public interests of justice weigh in favor of or against transfer. "This factor focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *QSN Indus.*, 1995 U.S. Dist. LEXIS 18446 at *18. Courts typically consider (1) the speed at which the case will proceed to trial or resolution, (2) the courts' familiarity with the applicable law, and (3) the public interest in resolving the case in a particular forum. *Georgouses*, 963 F. Supp. at 730.

In this case, there is little difference between the Northern District of Illinois and the Western District of Kentucky with regards to factors (1) and (2); while this District disposes of cases short of trial faster than the courts of the Western District of Kentucky, it takes 50% longer to bring a case to trial in this District. Yet, the Western District of Kentucky has a strong public interest in resolving this case, which involves a company with its principal place of business in the Western District of Kentucky. Plaintiff seeks statutory damages which, if awarded, would put Texas Roadhouse out of business. By comparison, plaintiff has a relatively small interest in the outcome of the case that is limited to $1,000 in statutory damages.

Courts also recognize that transfer serves the administration of justice when a case is litigated in the forum that is "closer to the action." *Carillo*, 992 F. Supp. at 1026. As explained above, any relevant "action" would have occurred in the Western District of Kentucky. The actions taken by Texas Roadhouse to monitor its POS system obligations, to program its POS systems, and to become compliant with FACTA all occurred in the Western District of Kentucky.

Finally, this Court has not yet invested significant judicial resources in this case. The parties have not yet conducted a scheduling conference and no scheduling order has been entered by the Court. In addition, there has been no motion practice. Therefore, transferring the case to the Western District of Kentucky will not delay these proceedings, impose any undue burden, or otherwise prejudice plaintiff. *See, Musco Corp. v. Qualite, Inc.,* 1994 U.S. Dist. LEXIS 9799, *40 (N.D. Ill. July 18, 1994). On the contrary, if both this action and the Pennsylvania FACTA case against Texas Roadhouse are transferred to the Western District of Kentucky, that court will have options at its disposal, including consolidation, that will result in significant judicial economy. As a result, this factor also weighs decidedly in favor of a transfer to the Western District of Kentucky.

## CONCLUSION

If, as plaintiff alleges, there is a nationwide class of Texas Roadhouse customers who were provided receipts in violation of FACTA, then the only fact tying this case to this District -- the residence of the name plaintiff -- is a mere fortuity. In contrast, virtually all of the relevant witnesses and documents are located in the Western District of Kentucky, the relevant conduct took place in the Western District of Kentucky, and the Western District of Kentucky has far and away the most significant interest in the outcome of this case. For all of these reasons, Texas Roadhouse respectfully requests that the Court transfer this action to the Western District of Kentucky and grant such other relief as the Court deems just and proper.

**DATED:**    December 19, 2007.                Respectfully submitted,

                                              **TEXAS ROADHOUSE HOLDINGS LLC**


                                              By: /s/ Richard M. Hoffman
                                                  One of Its Attorneys


Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH: (312) 201-2000
FX: (312) 201-2555

Peter M. Cummins, Esq.
FROST BROWN TODD LLC
400 West Market Street
Suite 3200
Louisville, KY 40202-3363

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO,                  ) | |
|                    ) | |
|     Plaintiff,        ) | No. 07-CV-4108 |
|                    ) | |
| v.                   ) | Hon. Charles R. Norgle |
|                    ) | |
| TEXAS ROADHOUSE HOLDINGS LLC, a  ) | Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company,    ) | |
| individually, and d/b/a TEXAS ROADHOUSE; ) | |
| and DOES 1-10,           ) | |
|                    ) | |
|     Defendants.      ) | |

## DECLARATION OF SHEILA C. BROWN

Sheila C. Brown, being first duly sworn, deposes and states as follows:

1.     I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would competently testify to these matters.

2.     I am the duly elected Corporate Secretary and custodian of the Minutes and corporate records of Texas Roadhouse, Inc. ("Roadhouse, Inc.").

3.     Roadhouse, Inc. is a publicly-traded holding company. Defendant Texas Roadhouse Holdings LLC ("Holdings") is a Kentucky limited liability company and a wholly-owned subsidiary of Roadhouse, Inc.

4.     Holdings owns and/or operates most, but not all, of the restaurants operating under the name Texas Roadhouse.

5.     Both Roadhouse, Inc. and Holdings have their principal place of business in Louisville, Kentucky. Holdings also owns and operates restaurants in the Western District of Kentucky.

1823522-1

6.     Holdings owns and operates over 200 Texas Roadhouse restaurants in 38 states. Six of Holdings' restaurants, or approximately 3% of the total number of restaurants owned and operated by Holdings, are located in Illinois.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON December _14_, 2007.

_Sheila C. Brown_
Sheila C. Brown

EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO,                                    ) | |
| )                                                 | |
| Plaintiff,                        ) | No. 07-CV-4108 |
| )                                                 | |
| v.                                               ) | Hon. Charles R. Norgle |
| )                                                 | |
| TEXAS ROADHOUSE HOLDINGS LLC, a    ) | Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company,    ) | |
| individually, and d/b/a TEXAS ROADHOUSE;    ) | |
| and DOES 1-10,                             ) | |
| )                                                 | |
| Defendants.                       ) | |

### DECLARATION OF WILLIAM KENT

William Kent, being first duly sworn, deposes and states as follows:

1.    I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would competently testify to these matters.

2.    I serve as the Senior Director of Information Technology on behalf of defendant Texas Roadhouse Holdings LLC ("Texas Roadhouse").

3.    As the Senior Director of Information Technology for Texas Roadhouse, my duties and responsibilities include the acquisition, management, maintenance, and oversight of Texas Roadhouse's point of sale ("POS") hardware and software systems, which controls what is printed on receipts issued at Texas Roadhouse restaurants. I oversee a department of approximately 20 people.

4.    The members of the Texas Roadhouse Information Technology Department, all of whom work out of Texas Roadhouse's Louisville, Kentucky headquarters with me, manage, maintain, and oversee the operation of the Texas Roadhouse POS software systems, including the information printed on customer receipts. Employees at individual Texas Roadhouse

restaurants around the country do not have control over the specific information, including customer information, printed on Texas Roadhouse customer receipts.

5.    I personally know and am familiar with all of the employees in the Texas Roadhouse Information Technology Department. All of the personnel responsible for the operation of Texas Roadhouse's POS systems and the content of its electronically-generated receipts live in and around Louisville, Kentucky.

6.    Other than paper copies of individual customer receipts, which are maintained at the individual Texas Roadhouse restaurants throughout the country, documents relating to Texas Roadhouse's POS software systems and the contents of Texas Roadhouse's electronically-generated customer receipts are maintained at Texas Roadhouse's Louisville, Kentucky headquarters.

7.    As Senior Director of Information Technology, I am also involved in Texas Roadhouse's efforts to monitor its statutory, contractual, and industry-imposed POS system requirements. Others with responsibility for this task include members of the Texas Roadhouse Information Technology Department who work for me, Texas Roadhouse's government relations personnel, and its in-house legal counsel. All of these people work in Texas Roadhouse's Louisville, Kentucky headquarters and live in and around the Louisville, Kentucky area.

8.    As a result, any documents relating to Texas Roadhouse's knowledge of, and efforts to comply with, its statutory, contractual, and industry-imposed POS system requirements are likely to be found in Texas Roadhouse's Louisville, Kentucky headquarters.

9.    The POS systems and cash registers used at Texas Roadhouse owned and operated restaurants around the country are programmed centrally from Texas Roadhouse's Louisville, Kentucky headquarters by members of the Information Technology Department. The

POS systems and the information contained on Texas Roadhouse's customer receipts are generally programmed consistently and uniformly throughout all the restaurants owned and operated by Texas Roadhouse.

10.    The time commitment necessary for members of my department and me to actively participate in this action and the FACTA putative class action currently pending in Pennsylvania is likely to put a serious strain and inconvenience on members of my department and me. As I understand it, any members of my department who are likely trial witnesses will be required to spend multiple days in the jurisdictions in which these cases are pending during the pre-trial and trial phases of the cases. These time commitments will have a significant impact on the ability of the Information Technology Department to effectively fulfill its responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** December  _19_ , 2007.

William Kent

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, | ) |
| | ) |
| Plaintiff, | ) No. 07-CV-4108 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| TEXAS ROADHOUSE HOLDINGS LLC, a | ) Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company, | ) |
| individually, and d/b/a TEXAS ROADHOUSE; | ) |
| and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

Richard M. Hoffman, an attorney, hereby certifies that he caused a true and correct copy of the foregoing *Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* and *Defendant's Memorandum in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* to be served upon Thomas A. Zimmerman, Jr., Esq. and Hugh J. Green, ZIMMERMAN LAW OFFICES, P.C., 100 West Monroe Street, Suite 1300, Chicago, IL 60603, via electronic filing of same, on December 20, 2007.

/s/ Richard M. Hoffman
Richard M. Hoffman

Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH: (312) 201-2000
FX: (312) 201-2555

1816403-1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, ) | |
| ) | |
| Plaintiff, ) | No. 07-CV-4108 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| TEXAS ROADHOUSE HOLDINGS LLC, a ) | Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company, ) | |
| individually, and d/b/a TEXAS ROADHOUSE; ) | |
| and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### NOTICE OF MOTION

**TO:**   Thomas A. Zimmerman, Esq.
Hugh J. Green, Esq.
ZIMMERMAN LAW OFFICES, P.C.
100 West Monroe Street
Suite 1300
Chicago, IL 60603

**PLEASE TAKE NOTICE** that on the 28th day of December, 2007, at the hour of 10:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Hon. Judge Charles R. Norgle, or any judge sitting in his stead, in the courtroom usually occupied by him at the Daley Center, 50 West Washington Street, Chicago, Illinois, and then and there present *Defendant Texas Roadhouse Holdings LLC's Motion to Transfer Venue*, a copy of which is attached hereto and hereby served upon you.

**DATED:**    December 19, 2007.               Respectfully submitted,

                                    **TEXAS ROADHOUSE HOLDINGS LLC**


                                    By:  /s/ Richard M. Hoffman
                                          One of Its Attorneys


Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH:  (312) 201-2000
FX:  (312) 201-2555

Peter M. Cummins, Esq.
FROST BROWN TODD LLC
400 West Market Street
Suite 3200
Louisville, KY 40202-3363

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, | ) |
| | ) |
| Plaintiff, | ) No. 07-CV-4108 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| TEXAS ROADHOUSE HOLDINGS LLC, a | ) Magistrate Judge Geraldine Soat Brown |
| Kentucky limited liability company, | ) |
| individually, and d/b/a TEXAS ROADHOUSE; | ) |
| and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

Richard M. Hoffman, an attorney, hereby certifies that he caused a true and correct copy of the foregoing *Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* and *Defendant's Memorandum in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* to be served upon Thomas A. Zimmerman, Jr., Esq. and Hugh J. Green, ZIMMERMAN LAW OFFICES, P.C., 100 West Monroe Street, Suite 1300, Chicago, IL 60603, via electronic filing of same, on December 20, 2007.

/s/ Richard M. Hoffman
Richard M. Hoffman

Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH: (312) 201-2000
FX: (312) 201-2555

1816403-1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA


NICHOLE M. EHRHEART, individually          )    NO. 07-54 E
and on behalf of all others similarly situated,   )
     Plaintiff                          )
                                         )
            v.                          )    CLASS ACTION
                                         )
TEXAS ROADHOUSE, INC., and DOES 1           )
through 10, inclusive,                      )
     Defendants                         )    **ELECTRONICALLY FILED**


## DEFENDANT'S MOTION TO TRANSFER
## VENUE PURSUANT TO 28 U.S.C. § 1404(A)


     Pursuant to 28 U.S.C. § 1404(a), defendant Texas Roadhouse Holdings LLC ("Texas Roadhouse") hereby moves for entry of an Order transferring this case to the United States District Court for the Western District of Kentucky. In support of its motion, Texas Roadhouse states as follows:


     1.     This is a putative class action brought under the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff alleges that Texas Roadhouse willfully violated FACTA by providing him with a computer-generated credit card which displayed plaintiff's credit card expiration dates at its Erie County, Pennsylvania restaurant.

     2.     As explained in detail in Texas Roadhouse's Memorandum in Support of Its Motion filed contemporaneously herewith, the convenience of the parties and the interests of justice strongly weight in favor of transferring this case to the Western District of Kentucky.



Texas Roadhouse is a Kentucky limited liability company with its principal place of business in Louisville, Kentucky. All of the relevant witnesses, except perhaps the plaintiff, live and work in the Western District of Kentucky. The vast majority of the relevant documents will also be found at Texas Roadhouse's Louisville, Kentucky headquarters. Furthermore, the principal issue in this case -- whether Texas Roadhouse acted willfully in including expiration dates on guest receipts -- will depend entirely upon events that took place (or did not take place) in the Western District of Kentucky.

     3.     By contrast, the only ties this case has to Pennsylvania are that plaintiff is a Pennsylvania resident and was provided her allegedly non-compliant receipt in Illinois. This purports to be a nationwide class action, however, and only 12 of Texas Roadhouse's more than 200 restaurants are located in Pennsylvania. Thus, only approximately 6% of the likely class members reside in Pennsylvania.

     4.     Finally, a substantially similar putative class action has been filed against Texas Roadhouse in the Northern District of Illinois. Texas Roadhouse is also moving to transfer that case to the Western District of Kentucky. If both cases are ultimately transferred, judicial economy will be served by providing the court in the Western District of Kentucky with the opportunity to consolidate or otherwise coordinate these parallel proceedings.

     WHEREFORE, Texas Roadhouse prays that the Court enter an Order transferring this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Kentucky and that the Court grant such other relief as it deems just and proper.

Respectfully submitted,


_____s/ W. Patrick Delaney_____
W. Patrick Delaney
PA 23956
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7658
FAX (814) 454-4647
wdelaney@mijb.com



_____s/ Peter M. Cummins_____
Peter M. Cummins
FROST BROWN TODD LLC
400 West Market Street
Suite 3200
Louisville, KY 40202-3363

Attorneys for Defendant
  Texas Roadhouse, Inc.

1053829

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2007, the foregoing Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A) was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.  Parties may access this filing through the Court's ECF system.

_____s/ W. Patrick Delaney_____
W. Patrick Delaney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, Plaintiff | ) ) ) | NO. 07-54 E |
| | ) | |
| v. | ) ) | CLASS ACTION |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, Defendants | ) ) ) | **ELECTRONICALLY FILED** |

## ORDER

AND NOW, to-wit, this _____ day of _____, 20___, upon

consideration of Defendant's Motion to Transfer Venue it is hereby ORDERED, ADJUDGED

and DECREED:

_____

_____

_____

_____

_____

Sean J. McLaughlin, J.

1053858

CASREF

## U.S. District Court
## Western District of Kentucky (Louisville)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00401-CRS-DW

Harper v. Pilot Travel Centers, LLC et al
Assigned to: Judge Charles R. Simpson, III
Referred to: Magistrate Judge Dave Whalin
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 07/30/2007
Jury Demand: Both
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

### Plaintiff

**Shamenda Harper**
*individually and on behalf of all others
similarly situated*

represented by **Charles L. Cunningham, Jr.**
Cunningham and Fell
6010 Brownsboro Park Blvd.
Suite G
Louisville, KY 40207
502-893-8994
Fax: 502-893-8913
Email: ccunningham@toxictort.cc
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Pilot Travel Centers, LLC**

represented by **Mark S. Riddle**
Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202-3103
502-587-3623
Fax: 502-540-2194
Email: msr@gdm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Norman Bork**
Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202-3103
502-587-3726
Fax: 502-540-2254
Email: msn@gdm.com



EXHIBIT
**3**
tabbies'

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca J. Schwartz**
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547
Email: rschwartz@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tristan L. Duncan**
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1 through 10 inclusive**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/30/2007 | 1 | COMPLAINT against Pilot Travel Centers, LLC and Does 1 through 10 inclusive, filed by Shamenda Harper. Filing fee paid, receipt number 573198. (Attachments: # 1 Cover Sheet)(NMB) (Entered: 07/31/2007) |
| 07/30/2007 | 2 | Case Assignment (Random Selection): Case Assigned to Judge Charles R. Simpson III. Magistrate designation: USMJ Dave Whalin. (NMB) (Entered: 07/31/2007) |
| 07/30/2007 | 3 | Summons Issued as to Pilot Travel Centers, LLC. (NMB) (Entered: 07/31/2007) |
| 08/24/2007 | 4 | MOTION for Tristan L. Duncan to Appear Pro Hac Vice Filing fee $ 65, receipt number 587036 by Pilot Travel Centers, LLC.Responses due by 9/10/2007 (Attachments: # 1 Exhibit A-Affidavit of Tristan L. Duncan# 2 Proposed Order) (Bork, Melissa) (Entered: 08/24/2007) |
| 08/24/2007 | 5 | MOTION for Rebecca J. Schwartz to Appear Pro Hac Vice Filing fee $ 65, receipt number 587144 by Pilot Travel Centers, LLC.Responses due by 9/10/2007 (Attachments: # 1 Exhibit A-Affidavit of Rebecca J. Schwartz# 2 Proposed Order) (Bork, Melissa) (Entered: 08/24/2007) |
| 08/24/2007 | 6 | ANSWER to Complaint by Pilot Travel Centers, LLC. (Bork, Melissa) (Entered: 08/24/2007) |
| 08/28/2007 | 7 | ORDER by Judge Charles R. Simpson III (eboc) on 8/27/07 Referring |

| | | Case to Magistrate Judge Dave Whalin. Scheduling Conference set for 10/18/2007 at 2:00 PM in Chambers before Magistrate Judge Whalin. Parties to comply with remainder of Order as set forth. cc:Counsel (NMB) (Entered: 08/28/2007) |
|---|---|---|
| 08/28/2007 | 8 | ORDER by Judge Charles R. Simpson III on 8/27/07 granting 5 Motion For Rebecca Shwartz to Appear Pro Hac Vice. cc:Counsel (NMB) (Entered: 08/28/2007) |
| 08/28/2007 | 9 | ORDER by Judge Charles R. Simpson III on 8/27/07 granting 4 Motion for Tristan Duncan to Appear Pro Hac Vice. cc:Counsel (NMB) (Entered: 08/28/2007) |
| 08/30/2007 | 10 | Corporate Disclosure Statement by Pilot Travel Centers, LLC. (Bork, Melissa) (Entered: 08/30/2007) |
| 09/13/2007 | 11 | ORDER by Judge Charles R. Simpson III (eboc) on 9/13/07: DN 7 amended to correctly state defendant as "Pilot Travel Centers, LLC." cc:Counsel (NMB) (Entered: 09/13/2007) |
| 10/03/2007 | 12 | REPORT of Rule 26(f) Planning Meeting by Shamenda Harper, Pilot Travel Centers, LLC. (Cunningham, Charles) (Entered: 10/03/2007) |
| 10/11/2007 | 13 | *SCHEDULING* CONFERENCE STATEMENT re 7 Order Referring Case to Magistrate Judge, by Pilot Travel Centers, LLC. (Bork, Melissa) (Entered: 10/11/2007) |
| 10/12/2007 | 14 | CONFERENCE STATEMENT re 7 Order Referring Case to Magistrate Judge, by Shamenda Harper. (Cunningham, Charles) (Entered: 10/12/2007) |
| 10/26/2007 | 15 | MEMORANDUM OF RULE 16 SCHEDULING CONFERENCE AND ORDER for proceedings held before Magistrate Judge Dave Whalin : Scheduling Conference held on 10/18/2007. Amended Pleadings due by 1/1/2008, Discovery due by 5/15/2008, Expert Witness (Defendant) due by 3/15/2008, Expert Witness (Plaintiff) due by 2/15/2008, Joinder of Parties due by 1/1/2008, Telephonic Status Conference set for 1/9/2008 10:30 AM before Magistrate Judge Dave Whalin. Counsel shall comply with the remainder of Order as set forth.cc:Counsel (SJS) (Entered: 10/26/2007) |
| 11/20/2007 | 16 | CERTIFICATE OF SERVICE by Pilot Travel Centers, LLC *of Rule 26 Initial Disclosures* (Schwartz, Rebecca) (Entered: 11/20/2007) |
| 11/27/2007 | 17 | MOTION for John W. "Don" Barrett to Appear Pro Hac Vice Filing fee $ 65, receipt number 0644000000000631326. Charles L. Cunningham, Jr appearing for Plaintiff Shamenda Harper Motions referred to Dave Whalin. Responses due by 12/17/2007 (Attachments: # 1 Affidavit Affidavit of John W. "Don" Barrett, # 2 Proposed Order Order to Admit John W. "Don" Barrett) (Cunningham, Charles) (Entered: 11/27/2007) |
| 11/27/2007 | 18 | MOTION for Charles Barrett to Appear Pro Hac Vice Filing fee $ 65, receipt number 0644000000000631331. Charles L. Cunningham, Jr appearing for Plaintiff Shamenda Harper Motions referred to Dave |

| | | |
|---|---|---|
| | | Whalin. Responses due by 12/17/2007 (Attachments: # 1 Affidavit Affidavit of Charles Barrett, # 2 Proposed Order Order for Charles Barret To Be Admitted Pro Hac Vice) (Cunningham, Charles) (Entered: 11/27/2007) |
| 11/27/2007 | 19 | MOTION for J. Brandon McWherter to Appear Pro Hac Vice Filing fee $ 65, receipt number 06440000000000631389. Charles L. Cunningham, Jr appearing for Plaintiff Shamenda Harper Motions referred to Dave Whalin. Responses due by 12/17/2007 (Attachments: # 1 Affidavit Affidavit of J. Brandon McWherter, # 2 Proposed Order Order to Admit J. Brandon McWherter Pro Hac Vice) (Cunningham, Charles) (Entered: 11/27/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/02/2008 13:28:53 | | |
| **PACER Login:** | fb0578 | **Client Code:** | 0005001.0549697 |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-00401-CRS-DW |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Gary F. Lynch
R. Bruce Carlson
Carlson Lynch Ltd.
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107

*Counsel for Plaintiff Nichole Ehrheart, W.D. Pennsylvania, No. 1:07-cv-00054*

Hugh J. Green
Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, PC
100 W. Monroe Street, Ste. 1300
Chicago, IL 60603

*Counsel for Plaintiff Mariano Aliano, N.D. Illinois, No. 1:07-cv-04108*

W. Patrick Delaney
MacDonald, Illig, Jones & Britton
100 State Street, Ste. 700
Erie, PA 16507-1459

*Co-Counsel for Defendants, , W.D. Pennsylvania, No. 1:07-cv-00054*

Richard M. Hoffman
Katherine K. Ivers
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Ste. 3000
Chicago, IL 60606-1229

*Co-Counsel for Defendants, N.D. Illinois, No. 1:07-cv-04108*

Peter M. Cummins, Esq.
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
Telephone:(502) 589-5400
Facsimile: (502) 581-1087
E-mail:    pcummins@fbtlaw.com

*Counsel for Defendants*
*Texas Roadhouse, Inc. and*
*Texas Roadhouse Holdings LLC*

# EXHIBIT 2

Request of defts. Texas Roadhouse, Inc., and Texas
Roadhouse Holdings LLC to stay proceedings pending
ruling on previously filed motions to transfer pursuant
to 28 U.S.C. §1404 -- **DENIED**.
                                    (jnl - 10 Jan 08)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 0 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

    **Texas Roadhouse Fair and**        **MDL No. 1927**
    **Accurate Credit Transactions Act**
    **(FACTA) Litigation**

## MOTION TO STAY MDL PROCEEDINGS PENDING RESOLUTION OF PREVIOUSLY FILED MOTIONS TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Defendants Texas Roadhouse, Inc. and Texas Roadhouse Holdings LLC[1] hereby move the Panel to stay these MDL proceedings pending the resolution by the United States District Courts for the Northern District of Illinois and the Western District of Pennsylvania of Texas Roadhouse's previously filed Motions to Transfer pursuant to 28 U.S.C. § 1404 (herein, the "§ 1404 Motions"). In support of this Motion, Texas Roadhouse states:

    1.    Texas Roadhouse Holdings LLC owns and/or operates more than 200 restaurants in 38 states under the name Texas Roadhouse. Texas Roadhouse, Inc. is a publicly-traded holding company of which Texas Roadhouse Holdings LLC is a wholly-owned subsidiary.

    2.    Texas Roadhouse, Inc. is the sole Defendant in the action styled *Ehrheart v. Texas Roadhouse, Inc.*, No. 1:07-00054 (W.D. Pa. – Erie Division), the "Pennsylvania Action" in

---

[1] Texas Roadhouse, Inc. and Texas Roadhouse Holdings LLC will hereafter be collectively referred to in the singular as "Texas Roadhouse."

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION**

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No.07-cv-00054 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TEXAS ROADHOUSE, INC., and DOES 1 through 10, inclusive, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

AND NOW, this _____ day of January, 2008, it is hereby ORDERED,

ADJUDGED and DECREED, that Defendant's motion to transfer pursuant to 28 U.S.C. §1404

be DENIED.

_____
Honorable Sean J. McLaughlin