UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| NICHOLE M. EHRHEART, individually and on behalf of all others similarly situated, <br> Plaintiff <br><br> v. <br><br> TEXAS ROADHOUSE, INC. and DOES 1 through 10, inclusive, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 07-54 E <br><br><br><br> CLASS ACTION <br><br><br><br> **ELECTRONICALLY FILED** |

## **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

Defendant Texas Roadhouse, Inc. ("Texas Roadhouse") responds as follows to the Motion to Stay All Proceedings filed by Plaintiff Nichole Ehrheart ("Ehrheart"):

### Introduction

In both her Response to Texas Roadhouse's § 1404 Motion and her Motion to Stay this Court's consideration of that Motion, Ehrheart argues that this Court should defer to the Judicial Panel on Multidistrict Litigation's ("JPML") decision on Ehrheart's Motion to Transfer pursuant to 28 U.S.C. § 1407, filed the day after Texas Roadhouse filed its § 1404 Motion. Ehrheart's Motion to Stay should be denied, and this Court should resolve Texas Roadhouse's pending – and now fully briefed – Motion to Transfer Venue filed pursuant to 28 U.S.C. § 1404 without delay.

This Court should not defer to the JPML because such deference will neither serve the interests of judicial economy nor increase efficiency, and will instead significantly prejudice Texas Roadhouse and serve to legitimize Ehrheart's blatant procedural maneuvering through

which she seeks to avoid having this action transferred in the most appropriate way – via § 1404 for all purposes – to the most appropriate forum – the Western District of Kentucky.

Where there is a "fair possibility" a party opposing a stay will be prejudiced by the stay, the stay should be granted only if the movant "demonstrate[s] a 'clear case of hardship or inequity'" in the event the stay is not entered. *Gold v. Johns Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d. Cir. 1983) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). Here, there is a significant risk of prejudice to Texas Roadhouse, and Ehrheart cannot demonstrate a corresponding clear case of hardship or inequity should her request be denied.

## Background

This action is one of two virtually identical putative nationwide class actions in which Texas Roadhouse is alleged to have violated the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. §§ 1681, *et seq.* The second FACTA action against Texas Roadhouse is pending in the Northern District of Illinois and is, like this action, procedurally young, with no discovery having been taken by any party. When settlement discussions reached an impasse in this action recently, Texas Roadhouse filed § 1404 Motions in both this action and the Illinois action seeking transfer of both to the Western District of Kentucky, arguing that the convenience of the parties and witnesses, along with the near identity of the factual and legal issues involved, weighed in favor of such a transfer.

The day after Texas Roadhouse filed its § 1404 Motion in this action, Ehrheart filed her Motion to Consolidate pursuant to § 1407 with the JPML, though in doing so, she failed to advise the JPML of Texas Roadhouse's §1404 Motion. Incredibly, Ehrheart argues that the Northern District of Illinois is the most convenient forum for resolving both actions, even though

2

the only connection the actions have to that forum is the allegation that the Illinois Plaintiff's obtained a receipt from a Texas Roadhouse restaurant located there. Ehrheart contends that this action should be transferred to Illinois "because the Defendant's corporate headquarters is in Louisville, Kentucky . . . and thus will be more convenient and cost efficient for the witnesses and parties." Pl.'s Mot. Centralize at 9. This position ignores a host of factors that favor transfer to the Western District of Kentucky, including the clear and substantial connection the litigation has with the Western District of Kentucky, where Texas Roadhouse is headquartered and where the focus of all discovery will be. Indeed, Ehrheart never explains why Illinois would be a more convenient and efficient forum for those Kentucky witnesses and a Kentucky defendant than the Kentucky court would be.

The Illinois Plaintiff does not oppose Texas Roadhouse's § 1404 Motion filed in the Illinois action, his response deadline having passed more than 1 week ago. And the Illinois Plaintiff has not entered an appearance in the JPML proceeding, much less indicated that he supports the transfer Ehrheart seeks. It is likely, therefore, that Texas Roadhouse's Illinois § 1404 Motion to transfer that case to Kentucky will soon be granted.

The JPML has indicated that it will allow the parties to brief and argue Ehrheart's § 1407 Motion by recently denying Texas Roadhouse's Motion to Stay that proceeding. As explained below, however, this determination has no bearing on this Court's jurisdiction of this matter. If this Court believes this action should be transferred pursuant to § 1404 as Texas Roadhouse has requested, it retains the power to do so. This Court should transfer this action to the Western District of Kentucky pursuant to § 1404 and should not stay this action in deference to the JPML, which has never suggested such deference is required or appropriate.

**Argument**

**I.     Introduction**

This Court retains jurisdiction of this action notwithstanding Ehrheart's § 1407 Motion filed with the JPML. This Court need not and should not stay its proceedings pending the JPML's determination of that Motion because such a stay will not advance the interests of judicial economy and efficiency, and because there is a significant risk that Texas Roadhouse will be prejudiced if the stay is entered.

As discussed below, Texas Roadhouse's § 1404 Motion will eventually be resolved, whether by this Court or some transferee court selected by the JPML. Indeed, Texas Roadhouse's § 1404 Motion filed in the Illinois action is unopposed and could be granted any day. As such, the entry of a stay in this action will only delay consideration of Texas Roadhouse's first-filed § 1404 Motion, thereby prejudicing Texas Roadhouse and endorsing Ehrheart's meritless defensive maneuvers. More significantly, if the JPML transfers this litigation to the Western District of Kentucky pursuant to § 1407, then Texas Roadhouse will be precluded from having the matter ultimately tried in that district – the *only* district with a significant relationship to this litigation and the most convenient forum for the parties and witnesses. *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26, 40-41 (1998) (transferee judge cannot transfer an MDL assignment to him or herself for trial pursuant to § 1404). Texas Roadhouse is the only party that has a risk of being prejudiced, so the only way to ensure a just and efficient resolution of this transfer issue is for this Court to deny Ehrheart's request for a stay and grant Texas Roadhouse's § 1404 Motion.

Transfer and consolidation of both the Illinois and Pennsylvania actions in the Western District of Kentucky pursuant to § 1404 for all purposes, including trial, is most appropriate

because it both ensures the efficiency of having these virtually identical class actions resolved uniformly during pretrial proceedings and avoids the needless duplicity of two trials by at least one Judge (and possibly two) that accompanies transfers pursuant to § 1407.

## II. This Court need not and should not defer to the JPML's determination of Ehrheart's § 1407 Motion.

Ehrheart's § 1407 Motion does not deprive this Court of jurisdiction of this action, and she provides only scant reasons why the Court should delay its consideration of Texas Roadhouse's fully briefed § 1404 Motion. Indeed, granting Ehrheart's Motion to Stay will not advance the interests of justice, judicial economy, or convenience of the parties and witnesses that both 28 U.S.C. §§ 1404 and 1407 seek to advance. Moreover, Texas Roadhouse will be prejudiced if this Court grants the stay Ehrheart requests.

The procedural rules for multidistrict litigation state that

> "[t]he pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."

R.P. Jud. Panel Multidist. Lit. 1.5. *See also Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374, *6 (E.D. Pa. May 8, 1992) ("[T]he Court is not required to stay proceedings simply because there is a motion pending before the JPML."). Ehrheart does not challenge this principle but instead suggests that a stay is appropriate in the instant case merely because "courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." Pl.'s Mot. to Sta,. ¶¶ 11-12 (citing *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998)). The circumstances in the *Good* case and those cited by that court are distinguishable from the instant case, however.

5

In *Good*, the district court only granted a stay pending the JPML decision **after deciding the motion pending before it** – a motion for remand. *Id.* Indeed, the district court recognized in granting the stay that the stay would be brief because the JPML had already conditionally transferred the action for pretrial proceedings. *Id.* In the instant case, the JPML has not even set a hearing for Ehrheart's § 1407 Motion. While the JPML has declined to stay the proceedings before it, there is no indication that Ehrheart's MDL motion will be heard or resolved quickly.

The decisions cited by the *Good* court are also distinguishable. In the unreported case of *Arthur-Magna, Inc. v. Del-Val Financial Corp.*, for example, there were no other motions pending before the district court when it granted a stay pending the JPML decision. 1991 U.S. Dist. LEXIS 1431 (D. N.J. Feb. 4, 1991). Thus, its only effect was to stay discovery proceedings. In *American Seafood*, *supra*, the court granted a stay because the motions pending before it were substantive – motions for class certification and dismissal – and similar motions were pending before another district court. *Am. Seafood, Inc.*, 1992 U.S. Dist. LEXIS 7374 at *6. Significantly, the court found that a stay would further judicial economy because consideration of those motions might have resulted in "duplicative motion practice." *Id.* In the instant case, the opposite is true. The interests of judicial economy and efficiency favor this Court's denial of the stay and its immediate consideration of Texas Roadhouse's § 1404 Motion to prevent duplicative motion practice on a **procedural** issue properly before the Court.

The stay Ehrheart seeks will not advance the interests of judicial economy or efficiency because Texas Roadhouse's § 1404 Motion will ultimately be considered and resolved by some court, whether this Court or a transferee court selected by the JPML. *In re Koratron Patent Litigation*, 302 F.Supp. 239, 242 (J.P.M.L. 1969) ("Sections 1404(a), 1406(a), and 1407 are not mutually exclusive and, when appropriate, should be used in concert to effect the most

expeditious disposition of multidistrict litigation."). *See also In re: Grain Shipments Litigation*, 300 F.Supp. 1402, 1404 (J.P.M.L. 1969) ("Section 1407 is not the exclusive vehicle for insuring the just and efficient conduct of cases having common questions of fact and law. . . . Sections 1404(a), and 1406(a) when applicable, may be used in conjunction with or in place of Section 1407 to transfer related cases to a single court."). This litigation is, as discussed below, uniquely suited for transfer pursuant to § 1404, as opposed to § 1407, so Texas Roadhouse will continue to seek its consolidation for both pretrial and trial purposes. As such, no benefit will be realized by the stay Ehrheart seeks, and both Texas Roadhouse and Ehrheart could instead be prejudiced because of the certain delay and costs associated with a subsequent § 1404 Motion.

If the JPML transfers this litigation to the Western District of Kentucky pursuant to § 1407, then Texas Roadhouse will also be prejudiced in that it will be precluded from having the matter ultimately tried in that district – the most logical district for its resolution. *Lexecon, Inc.*, 523 U.S. at 40-41 (1998) (transferee judge cannot transfer an MDL assignment to him or herself for trial pursuant to § 1404). It would be logical for the JPML to consolidate this litigation in the Western District of Kentucky because the convenience of the parties and witnesses clearly favors litigation in that forum. But the Western District of Kentucky is also the most logical place for a single trial of this litigation because only two virtually identical actions are pending, making one trial the most efficient method of resolution. If the JPML transfers the litigation pursuant to § 1407, the parties will be precluded from resolving this litigation in the most efficient and logical forum. Because of this significant risk of prejudice, Ehrheart's Motion to Stay should be denied, and Texas Roadhouse's § 1404 Motion should be granted.

Even if the JPML were to decide that this case should be transferred to Illinois for consolidated pretrial proceedings only rather than to Kentucky for all purposes, this Court's

transfer of this case to Kentucky would in no way hinder that outcome. The JPML could still transfer this case for pretrial proceedings from Kentucky to Illinois, though it is hard to fathom that the JPML would be so inclined.

**III.     The circumstances of this litigation favor this Court's transfer for all purposes pursuant to § 1404, not the JPML's consolidation for pretrial purposes only pursuant to § 1407.**

The stay Ehrheart seeks is also not warranted because its underlying basis – her § 1407 Motion – is not the most efficient and economical method of transferring this action. The most just and efficient disposition of the two putative nationwide class actions alleging willful violations of FACTA by Texas Roadhouse is their transfer pursuant to § 1404 for all purposes to the Western District of Kentucky – the district where Texas Roadhouse is headquartered and which figures to be the focal point of discovery. *See, e.g., Klingensmith v. The Paradies Shops, Inc.*, 2007 U.S. Dist. LEXIS 51591 (W.D. Pa. July 17, 2007) (transfer of nationwide FACTA class action pursuant to § 1404 to the district in which the defendant is headquartered and where discovery will be concentrated).

While these arguments are addressed more completely in Texas Roadhouse's previously filed § 1404 Motion and papers in support thereof, some points bear on the Court's resolution of Ehrheart's Motion to Stay. First, the parties agree that the claims, defenses, potential class members and material witnesses are identical in both actions. Nevertheless, Ehrheart seeks a § 1407 transfer for pretrial purposes to a district with virtually no connection to the litigation, after which both actions would be remanded to the district in which they originated for separate trials. Given the identity of the two actions, duplicative trials would be an unjust and inefficient means of disposing of this litigation. If, on the other hand, the litigation is transferred and consolidated pursuant to § 1404, only one trial will be necessary to resolve the identical claims.

Similarly, transfer pursuant to § 1404 is more appropriate than transfer pursuant to § 1407 because there are only two pending actions subject to transfer. *See In re: Multidistrict Antitrust Actions Involving the Distribution of Scotch Whiskey*, 299 F.Supp. 543, 544 (J.P.M.L. 1969) (refusing to transfer pursuant to § 1407 where only two actions were pending, neither of which were "exceptional cases sharing unusually complex questions of fact."). There are not scores of actions pending in many different districts as is often the case when consolidation by the JPML is contemplated. Indeed, the two pending actions both request the certification of the same nationwide class, so even if additional FACTA claims against Texas Roadhouse were filed, they would likely be subsumed by the pending actions.

Transfer pursuant to § 1407 will result in consolidated pretrial proceedings; but then the cases will be remanded to separate courts for trial. Accordingly, two cases involving the same issues, the same evidence and the same witnesses will be tried in two different states, creating the possibility of inconsistent judgments. Certainly, the § 1404 procedural device is superior since it will allow both cases to be consolidated for pretrial proceedings and a single trial. **Only the § 1404 Motion offers a procedure which eliminates all possibility of inconsistent rulings during both pretrial proceedings and trial**. Therefore, this Court's denial of Ehrheart's Motion to Stay would best serve the interests of justice and judicial economy with which 28 U.S.C. §§ 1404 and 1407 are concerned.

**Conclusion**

For all the foregoing reasons, Texas Roadhouse opposes Ehrheart's Motion to Stay All Proceedings and respectfully urges the Court to DENY Ehrheart's Motion to Stay.

Respectfully submitted,

    /s/W. Patrick Delaney
W. Patrick Delaney
PA 23956
MacDonald, Illig, Jones & Britton LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
814.870.7658 *telephone*
814.454.4647 *facsimile*
pdelaney@mijb.com

    /s/Peter M. Cummins
Peter M. Cummins
Frost Brown Todd LLC
400 West Market Street, Suite 3200
Louisville, Kentucky 40202-3363
504.584.5400 *telephone*
504.581.1087 *facsimile*
pcummins@fbtlaw.com

*Counsel for Defendant Texas Roadhouse, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2008, the foregoing Defendant's Response in Opposition to Plaintiffs' Motion to Stay All Proceedings was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

            /s/W. Patrick Delaney
            W. Patrick Delaney