A CERTIFIED TRUE COPY
ATTEST

By Bonita Bagley on Apr 07, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Apr 07, 2008

FILED
CLERK'S OFFICE

**IN RE: TEXAS ROADHOUSE FAIR AND
ACCURATE CREDIT TRANSACTIONS ACT
(FACTA) LITIGATION**

Mario Aliano v. Texas Roadhouse Holdings, LLC, et al., )
   N.D. Illinois, C.A. No. 1:07-4108 )
Nichole M. Ehrheart v. Texas Roadhouse, Inc., )
   W.D. Pennsylvania, C.A. No. 1:07-54 - 08CV2362 )

MDL No. 1927

FILED: APRIL 07, 2008
08CV2362                CEM
JUDGE NORGLE

**TRANSFER ORDER**

    **Before the entire Panel**[*]: Plaintiff in the Western District of Pennsylvania action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. Plaintiff in the Northern District of Illinois action supports the motion. Defendants Texas Roadhouse Holdings LLC and Texas Roadhouse, Inc. (collectively Texas Roadhouse) oppose the motion or, alternatively, support centralization in the Western District of Kentucky.

    This litigation currently consists of two actions pending in two districts, one action each in the Northern District of Illinois and the Western District of Pennsylvania. Defendants have filed motions under 28 U.S.C. § 1404 to transfer the actions to the Western District of Kentucky.

    On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action involves allegations that Texas Roadhouse's printing of certain credit and debit card information on customer receipts violated the Fair and Accurate Credit Transactions Act. Common discovery is likely, as defendants have suggested that discovery related to their credit and debit card receipt policies will be company-wide. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

    In opposing centralization, defendants argue, *inter alia*, that it would be more efficient to transfer the actions to the Western District of Kentucky for all purposes pursuant to Section 1404. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Both actions are in their early stages and whether defendants' Section 1404 motions will be granted is uncertain. Accordingly, centralization of the actions under Section 1407 will ensure

---

[*] Judge Scirica did not participate in the decision of this matter.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By s/ WILLIE A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APRIL 28, 2008

-2-

streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation. An action is already pending in that district before Judge Charles R. Norgle, Sr., who is experienced in multidistrict litigation and has the time to devote to this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Western District of Pennsylvania is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles R. Norgle, Sr. for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen       J. Frederick Motz
Robert L. Miller, Jr.  Kathryn H. Vratil
David R. Hansen        Anthony J. Scirica*



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

312-435-5698

April 29, 2008

Robert V. Barth, Jr., Clerk
Western District of Pennsylvania
Erie Division
P.O. Box 1820
Erie, PA 16507

Dear Clerk:

**Re: MDL 1927 -- In re: " Texas Roadhouse Fair & Accurate Credit Transactions Act (Facta) Litigation**

Your case number:   1: 07-54 Nichole M. Ehrheart vs Texas Roadhouse, Inc.

Our case number:   08 cv 2362 - Northern District of Illinois

Dear Clerk:

Enclosed is a certified copy of the Conditional Transfer Order from the Judicial Panel on Multidistrict Litigation (MDL Panel) transferring the above-entitled action to the Northern District of Illinois, Eastern Division, where it has been directly assigned Judge Charles Norgle .

Upon entry of this letter and the MDL CTO, please electronically transmit your court file to the United States District Court, Northern District of Illinois. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:   Willie A. Haynes
Supervisor of Operations